# EXHIBIT D

PORSCHE SE

Interim report

1 January – 9 November

2015



Volkswagen Group, the explanatory notes on results of operations, net assets and financial position, the section "Opportunities and risks in the Volkswagen Group" and the "Outlook" section.

Moreover, during Volkswagen AG's internal investigations in connection with clarifying the diesel issue, unexplained inconsistencies were found when determining type approval $CO_2$ levels. Please refer to the explanations on this point in the key events at the Volkswagen Group.

### Significant developments and current status relating to litigation risks and legal disputes

For several years, Porsche SE has been involved in various legal proceedings. The main developments of these legal proceedings during the reporting period are described in the following:

#### Actions for damages concerning the allegation of market manipulation in Germany and England

At the end of 2011, six plaintiffs asserting damages from their own rights and one plaintiff asserting damages from allegedly assigned rights of six other claimants filed an action for damages against Porsche SE, which is pending before the Regional Court of Hanover. In this action, the plaintiffs last alleged overall damages of about €1.81 billion (plus interest) based on alleged market manipulation and alleged inaccurate information in connection with the acquisition of the shareholding in Volkswagen AG by Porsche SE. An oral hearing before the Regional Court of Hanover took place on 14 October 2014. During two further oral hearings on 6 and 7 May 2015 evidence was taken through examination of two witnesses. Dates for continuation of taking evidence and for examination of further witnesses have not yet been scheduled. Porsche SE considers these claims to be without merit.

Based on the same alleged claims, the aforementioned plaintiffs filed an action against two members of the supervisory board of Porsche SE before the Regional Court of Frankfurt am Main in September 2013. Porsche SE joined the proceeding as intervenor in support of the two supervisory board members. A trial date for hearing the case took place on 30 April 2015. By interim judgment dated 21 May 2015 the court has assigned six of the seven plaintiffs to provide a security for costs for the legal procedures. Porsche SE considers the claims to be without merit.

On 30 April 2013, 25 plaintiffs filed a complaint against Porsche SE at the Regional Court of Stuttgart and asserted claims for damages based on allegations of market manipulation and inaccurate information in connection with the acquisition of the shareholding in Volkswagen AG in 2008. After withdrawal of the complaint by one plaintiff, the merger of two other plaintiffs and after the partial correction of the alleged damage claim, the remaining 23 plaintiffs asserted claims for damages in an amount of around €1.36 billion (plus interest) in the proceeding before the Regional Court of Stuttgart. The Regional Court of Stuttgart dismissed the action by decision of 17 March 2014. 19 of the 23 plaintiffs filed appeals against this decision on 22 April 2014. The four plaintiffs who

10

did not file appeals originally had asserted claims for damages in the amount of approximately €177 million (plus interest). Hence, the remaining claims for damages asserted in the appellate proceedings amounted to approximately €1.18 billion (plus interest). The Higher Regional Court of Stuttgart dismissed the appeals by decision of 26 March 2015 and thus confirmed the dismissal by the Regional Court of Stuttgart. Leave to appeal on points of law was not permitted. All 19 plaintiffs have lodged a complaint against the refusal of leave to appeal on points of law to the Federal Court of Justice (Bundesgerichtshof). A decision on the complaint against the refusal of leave to appeal has not yet been made. Porsche SE considers the claims to be without merit.

At the end of 2011, ARFB Anlegerschutz UG (haftungsbeschränkt), Berlin, brought two actions before the Regional Court of Braunschweig against Porsche SE based on claims for damages in an amount of around €1.92 billion (plus interest) allegedly assigned to it by 69 investment funds, insurance companies and other companies. In each case, the plaintiff alleges that, in 2008, on the basis of inaccurate information and the omission of information as well as market manipulation by Porsche SE, the companies behind the complaints either failed to participate in price increases of shares in Volkswagen AG and, hence, lost profits or entered into derivatives relating to shares in Volkswagen AG and incurred losses from these transactions due to the share price development in the amount claimed. During the oral hearings before the Regional Court of Braunschweig on 10 December 2014, the plaintiff filed an application for establishment of a model case according to the Capital Markets Model Case Act (KapMuG) and filed as a precautionary measure a motion to refer the case. By decisions of 4 March 2015, the Regional Court of Braunschweig referred the case to the Regional Court of Hanover as the competent court for antitrust matters because the plaintiff based its alleged claims also on antitrust law. The Regional Court of Hanover has scheduled a trial date concerning the KapMuG motions for 8 December 2015. Porsche SE considers the KapMuG motions to be inadmissible and the claims to be without merit.

An individual filed an action against the company in the amount of approximately €1.3 million (plus interest) with the Regional Court of Stuttgart in August 2012 based on asserted damage claims due to allegedly inaccurate information and the omission of information. After an oral hearing before the Regional Court of Braunschweig had taken place, the case was referred to the antitrust chamber of the Regional Court of Hanover in accordance with a request of the plaintiff. By a pleading of 18 February 2015, the plaintiff filed an application for establishment of a model case according to the Capital Markets Model Case Act (KapMuG). The Regional Court of Hanover scheduled a trial date concerning the KapMuG motion for 8 December 2015. Porsche SE considers the KapMuG motion to be inadmissible and the claim to be without merit.



In September 2012, another company filed an action against Porsche SE in the amount of approximately €213 million (plus interest) with the Regional Court of Braunschweig. The plaintiff claims that it entered into options relating to ordinary shares in Volkswagen AG in 2008 on the basis of inaccurate information and the omission of information by Porsche SE and that it incurred losses from these options due to the share price development in the amount claimed. By decision dated 10 June 2015, the Regional Court of Braunschweig referred the case to the Regional Court of Hanover as the competent court for antitrust matters because the plaintiff based its alleged claims also on antitrust law. A decision on further steps to be taken in the proceedings has not yet been made. Porsche SE considers the claim to be without merit.

In January 2013, another individual had substantiated his claim in the amount of around €130,000 (plus interest) based on allegedly inaccurate information and omission of information, previously asserted by reminder notice, entering thereby legal proceedings. After being referred, the proceeding was pending before the Regional Court of Braunschweig. The Regional Court of Braunschweig dismissed the plaintiff's action by decision dated 30 July 2014. The plaintiff has appealed this decision. A trial date before the Higher Regional Court of Braunschweig has been set for 19 November 2015. Porsche SE considers the claim to be without merit.

In March 2015, 32 companies (hedge funds, pension funds and other investment funds) filed claims for damages against Porsche SE before the Regional Court of Braunschweig. In this action, the plaintiffs allege overall damages of about €507 million (plus interest) based on allegedly inaccurate information and the alleged omission of information and have filed an application for establishment of a model case according to the Capital Markets Model Case Act (KapMuG). By decision dated 10 June 2015, the Regional Court of Braunschweig referred the case to the Regional Court of Hanover as the competent court for antitrust matters because the plaintiffs based their alleged claims also on antitrust law. The Regional Court of Hanover scheduled a trial date concerning the KapMuG motion for 8 December 2015. Porsche SE considers the KapMuG motion to be inadmissible and the claims to be without merit.

On 7 June 2012, Porsche SE filed an action for declaratory judgment with the Regional Court of Stuttgart that alleged claims of an investment fund in the amount of around US$ 195 million do not exist. The investment fund had asserted out-of-court that Porsche SE had made false and misleading statements in connection with its acquisition of a stake in Volkswagen AG during 2008 and announced that it intended to file the alleged claim before a court in England. On 18 June 2012, the investment fund filed an action against Porsche SE with the Commercial Court in England. On 6 March 2013, the English proceedings were suspended at the request of both parties until a final decision had been reached in the proceedings begun at the Regional Court of Stuttgart concerning the question of which court is the court first seized. On 24 July 2013, the Regional Court of Stuttgart decided that the Regional Court of Stuttgart is the court first

12

seized. This decision of the Regional Court of Stuttgart was appealed by way of an immediate appeal by one of the defendants. By decision dated 28 November 2013, the Regional Court of Stuttgart did not allow the appeal and submitted the appeal to the Higher Regional Court of Stuttgart for a decision. By decision dated 30 January 2015, the Higher Regional Court of Stuttgart dismissed the immediate appeal. The defendant has filed an appeal on points of law to the Federal High Court of Justice. Porsche SE considers the action filed in England to be inadmissible and the claims to be without merit.

Proceedings regarding shareholders' actions

A shareholder has filed an action of nullity and for annulment before the Regional Court of Stuttgart regarding the resolutions of the annual general meeting on 30 April 2013 on the exoneration of the executive board and the supervisory board for the fiscal year 2012, the election of five persons as members of the supervisory board as well as the resolution to refuse the motion to vote out the chairman of the general meeting. The Regional Court of Stuttgart dismissed the action by decision of 23 September 2014. The shareholder appealed this decision. By decision dated 8 July 2015, the Higher Regional Court of Stuttgart dismissed the appeal and thus confirmed the dismissal of the action by the Regional Court of Stuttgart. Leave to appeal on points of law was not permitted. The shareholder has filed a complaint against the refusal of leave to appeal with the Federal Court of Justice (Bundesgerichtshof). Porsche SE considers the action to be partially inadmissible and in any event to be without merit.

The same shareholder has also filed an action of nullity and for annulment regarding the resolutions of the annual general meeting on 27 May 2014 as well as a precautionary action for determination that a shareholders' resolution has been adopted before the Regional Court of Stuttgart. Subject of the actions are the shareholders' resolutions on the exoneration of the executive board and the supervisory board for the fiscal year 2013 as well as the resolution to refuse the motion to vote out the chairman of the general meeting. As a precautionary measure, the shareholder additionally filed an action for determination that a shareholders' resolution has been adopted regarding the motion to vote out the chairman of the general meeting. The trial date scheduled for 20 October 2015 was postponed to 22 March 2016. Porsche SE considers the action to be partially inadmissible and in any event to be without merit.

Furthermore, the same shareholder claims a right to information against Porsche SE before the Regional Court of Stuttgart. With this motion, the disclosure of questions asked at the annual general meeting in 27 May 2014 is demanded. The trial date scheduled for 20 October 2015 was postponed to 22 March 2016. Porsche SE considers the motion to be without merit.

Investigations and criminal proceedings

In December 2012 charges were brought against the former members of the executive board Dr. Wendelin Wiedeking and Holger P. Härter with the chamber of the Regional Court of Stuttgart responsible for economic offenses on suspicion of



information-based manipulation of the market in Volkswagen shares. The accused are held responsible for five false declarations made and issued in public statements of the company at their instigation in the period from 10 March 2008 to 2 October 2008 relating to the acquisition of the shareholding in Volkswagen AG. In these statements Porsche SE allegedly denied any intention to step up its investment to 75% of the voting capital even though it was allegedly by February 2008 at the latest already the intent of the accused former members of the executive board to increase Porsche SE's investment in Volkswagen AG to 75% of the voting capital before the end of the first quarter of 2009 in preparation for a control and profit and loss transfer agreement. By indictment dated 10 June 2015, the Stuttgart public prosecutor brought further charges against the two former executive board members concerning the press release by Porsche SE of 26 October 2008. The public prosecutor raises the accusation that the press release of 26 October 2008 had been misleading because it suggested that in the future there would only be just a few Volkswagen ordinary shares available in the market, thus generating the false impression of a long-term narrow market. Furthermore the public prosecutor raises the accusation that the press release contained a recommendation to short sellers of Volkswagen ordinary shares to purchase Volkswagen ordinary shares under pretense of alleged altruism and concealment of alleged selfish motives. Both indictments were accepted for trial. The Regional Court of Stuttgart has consolidated these proceedings for joint hearing. The Regional Court of Stuttgart followed a request of the public prosecutor and ordered the participation of Porsche SE as a secondary party. In case of conviction of the former members of the executive board, the Regional Court of Stuttgart could impose a fine in accordance with Sec. 30 of the German Act against Regulatory Offenses (OWiG) against Porsche SE. Should the former members of the executive board be convicted, a possible fine in the maximum amount of €1 million per criminal offense could be imposed. Beside a possible economic benefit obtained by Porsche SE from the alleged criminal offense of the former members of the executive board could also be confiscated. The amount of the possible forfeitable economic benefit will be determined in the course of the main hearing. The Stuttgart public prosecutor noted in advance that it currently does not assume that Porsche SE obtained an economic benefit from the five statements made between 10 March 2008 and 2 October 2008 that could be confiscated. Concerning the press release dated 26 October 2008, the public prosecutor stated in the indictment as one (however not quantified) possible forfeitable economic benefit that Porsche SE allegedly saved to provide additional securities. In addition the public prosecutor asserted in the indictment a possible forfeitable economic benefit in the amount of around €381 million that Porsche SE allegedly obtained from the alleged sale of Volkswagen ordinary shares on 30 October 2008. The main hearings began on 22 October 2015.

14

In February 2013, it became known that the Stuttgart public prosecutor launched investigations against all members of the supervisory board of Porsche SE from 2008 and a former employee with the allegation of jointly aiding and abetting violation of the prohibition on market manipulation by omission as charged against Dr. Wendelin Wiedeking and Holger P. Härter in the indictment of 17 December 2012. On 7 August 2015 charges were brought against the former employee with the Regional Court of Stuttgart on suspicion of aiding and abetting violation of the prohibition in market manipulation. The Regional Court of Stuttgart announced that it would not decide on the opening of the main proceedings before the main proceeding pending against the former members of the executive board had ended. According to a press release of the Stuttgart public prosecutor dated 17 August 2015, the investigations against the members of the supervisory board had been terminated according to Sec. 170 (2) of the German Code of Criminal Procedure (StPO) due to a lack of sufficient suspicion of a criminal act. The analysis of all the evidence had not produced any factual indications that the members of the supervisory board had been directly or indirectly involved as offenders in the submission of the statements to which the proceedings relate. The investigations had also produced no factual indications that the members of the supervisory board had committed any acts constituting participation as instigators or accomplices.

Porsche SE considers all allegations made in the aforementioned investigations and criminal proceedings to be without merit.

### Other legal proceedings and legal risks

In September 2015 it became known that irregularities in relation to nitrogen oxide emissions had been discovered in emissions tests on vehicles with Volkswagen Group diesel engines. In an ad-hoc-statement issued on 22 September 2015, Volkswagen AG announced that there were discrepancies in around 11 million vehicles worldwide with type EA 189 diesel engines. In addition Volkswagen AG announced in its interim report January – September 2015 that several legal risks existed in connection with the diesel issue that could not be assessed at present. The ongoing investigations meant that assessment of the circumstances is subject to estimation risk. In particular, considerable financial charges might be incurred as the legal risks crystallize. In its interim report January – September 2015 Volkswagen AG stated inter alia that investors had announced that they were examining the possibility of pursuing claims for damages against Volkswagen AG due to the movements in Volkswagen AG's share price following publication of the notice of violation of the U.S. Environmental Protection Agency. In October Volkswagen AG had already been served with three lawsuits from private investors that claim damages due to alleged misconduct in communications surrounding the emissions issue. An application was simultaneously made to instigate proceedings in accordance with the KapMuG. Comparable damage claims were not asserted against Porsche SE. Porsche SE would deem such claims to be without merit.



In October 2015, a minority shareholder of Volkswagen AG filed a (partial) claim against Porsche SE concerning damage claims in the amount of €10.000 (plus interest) to be paid to Volkswagen AG. Subject of this action are alleged damages incurred by Volkswagen AG and its minority shareholders in connection with the diesel issue which Porsche SE is alleged to have caused. A trial date has not yet been scheduled. Porsche SE considers the action to be without merit.