1a

## APPENDIX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | X | |
| | : | Misc. 99-232 (FB) |
| In re: The Application of | : | Declaration of |
| Ishihara Chemical Co., Ltd., | : | Hans Smit, |
| For an order to take discovery | : | Stanley H. Fuld Profes- |
| of Shipley Company, L.L.C., | : | sor of Law, |
| Pursuant to 28 U.S.C. § 1782 | : | Columbia University |
| | : | |
| | X | |

Hans Smit, a member of the Bar of the State of New York, on penalty of perjury, declares as follows:

### I.   QUALIFICATIONS

1.   I am the Stanley H. Fuld Professor of Law and Director of the Center for International Arbitration and Litigation Law at Columbia University.

2.   I obtained LL.B. (1946) and LL.M. (1949) degrees, with the highest distinction, from the University of Amsterdam. In 1953, I was a Fulbright Scholar at Columbia University, earning an M.A. degree. I obtained an LL.B. degree from Columbia University in 1958, graduating first in my class. At Columbia, I was designated a James Kent Scholar in all of my years, won various prizes, and was an editor of the Columbia Law Review.

3.   In 1960, I joined the Columbia Law School Faculty. Before that time, I had practiced law in leading law firms in The Hague (now de Brauw & Blackstone) and New York (Sullivan & Cromwell).

4.   I have, on a number of occasions, been a Visiting Professor of Law at the University of Paris I (Sorbonne), which, in 1990, awarded me an honorary doctorate. I created the Leyden-Amsterdam-Columbia Program in American Law at the University of Leyden and Amsterdam and the

2a

Double Degree Program between Columbia and Paris I. I
have been elected a member of The Netherlands Royal
Academy of Arts and Sciences and was named a Knight in
the Order of The Netherlands Lion by the Queen of The
Netherlands. I attach my curriculum vitae as Appendix 1 to
this Declaration.

5.   At Columbia, I have taught civil procedure, conflict
of laws, international law, international arbitration, and in-
ternational business transactions. I have authored numerous
law review articles and books. A summary thereof is at-
tached hereto as Appendix 2.

6.   I have acted as an expert on foreign law as well as
American foreign relations law and conflict of laws on nu-
merous occasions, in both federal and state courts. I have
also acted repeatedly as an expert on American law in for-
eign and international tribunals. I have extensive experience
as an arbitrator in international arbitrations. I am the Edi-
tor-in-Chief of The American Review of International Arbi-
tration.

7.   In June 1960, I was appointed the Director of the
Project on International Procedure at the Columbia Law
School. In that capacity, I also acted as the Reporter to the
United States Commission and Advisory Committee on In-
ternational Rules of Judicial Procedure (the "Commission"),
bodies created by act of Congress and charged with the task
of studying American rules relating to litigation with inter-
national aspects and of proposing appropriate legislative re-
forms. The Project, under a grant made by the Carnegie
Corporation, assumed primary responsibility for conducting
the appropriate studies and preparing proposed legislative
reforms.

8.   In my capacity of Reporter to the Commission, I
analyzed existing rules, determined their deficiencies, and
formulated proposals for reform. After having passed
through drafting sessions with members of the Advisory
Committee and members of the Advisory Committee of the
Columbia Project, these proposals were submitted to the
Commission, which, after making such changes as they

3a

deemed appropriate, submitted them to appropriate legislative bodies—to wit, the U.S. Congress, the Commissioners on Uniform State Laws, and the Advisory Committees on Civil and Criminal Rules of Procedure of the Judicial Conference of the United States. All of these proposals are collected in *International Cooperation in Litigation: Europe* (Smit ed., published by M. Nijhoff 1965). I prepared the final versions of the proposals submitted to Congress. I also prepared the explanatory notes accompanying these proposals. All of our proposals were adopted by Congress without change.

9.   Among the provisions of which I proposed reform was former Section 1782 of Title 28 of the United States Code. A detailed commentary on this Section was provided in the Explanatory Notes accompanying the version proposed to the Congress and in my articles in 65 Colum. L. Rev. 1015 (1965) and 69 Colum. L. Rev. 1264 (1962).

10.   I have prepared this Declaration at the request of Pennie & Edmonds, LLP, counsel for Shipley, L.L.C. [hereinafter "Shipley"]. A copy of my Curriculum Vitae is attached as Appendix 1.

## II. FACTS

11.   I have reviewed the following documents submitted in this matter:

(a)   an *ex parte* application for an order under 28 U.S.C. § 1782, dated October 26, 1999 [hereinafter "Application"];

(b)   a memorandum in support of this Application, with a Declaration of Roger S. Thompson, dated October 26, 1999;

(c)   this Court's Order, dated April 18, 2000, directing specified discovery; and

(d)   a Declaration by Naoki Matsumoto.

## III. QUESTIONS

12.   I have been requested to address the following questions:

(a)   does section 1782 cover the production of the evi-

4a

dence sought,

(b) and, if so, should the Application be rejected in the exercise of the Court's discretion?

## IV.  OPINION

### A.  *The Principal Issues That Must Be Addressed*

13.  The first question that arises is whether evidence can be obtained pursuant to Section 1782 from a party in the foreign proceeding. In addition, consideration must be given to the various elements of Section 1782. Section 1782 provides for the production of evidence "for use in a proceeding in a foreign ... tribunal." The evidence that can be obtained is "testimony or statement" or "a document or other thing." And, the U.S. court, "may," but is not obligated, to order the discovery. Each of these elements may be relevant in the present context.

### B.  *Section 1782 Does Not Authorize Obtaining Testimony Or Documents From A Party*

14.  The purpose of Section 1782 is to provide American judicial assistance in procuring evidence in the United States from a third party, not from a party, in the foreign proceedings. For assistance is needed only if the person who is to produce the evidence is not subject to the jurisdiction of the foreign or international tribunal. When that person is a party to the foreign proceedings, the foreign or international tribunal can exercise its own jurisdiction to order production of the evidence. But because that foreign tribunal cannot exercise extraterritorial jurisdiction over non-parties in the United States, the assistance of United States courts is needed when the evidence is to be obtained from nonparties.

15.  The Second Circuit has ruled that non-discoverability under foreign law does not necessarily preclude discovery in the United States. See *Euromepa S.A. v. R. Emersian, Inc.*, 51 F.3d 1095 (2d Cir. 1995); *In re Application of Aldunate*, 3 F. 3d 54 (2d Cir. 1993). This is so because our courts should not be forced to determine discoverability under foreign law when the foreign tribunal can itself

5a

determine whether and to what extent the evidence produced may be used in its proceedings. But this is a question entirely different from whether production of evidence should be ordered in this country when the person that is to produce the evidence is a party in the foreign proceedings.

16. Granting judicial assistance for evidence from a United States company that is a party to a foreign proceeding is likely to be seriously disruptive to the proceeding. The American company would then be subject to the broad discovery that is generally available in the United States that is not available in the foreign tribunal, while his foreign opponent would not be subject to such discovery. In those circumstances, it is appropriate to have only the foreign tribunal determine whether and to what extent evidence can be obtained from the parties before it. To the same effect, see Smit, *American Assistance to Litigation in Foreign and International Tribunals*, 25 Syr. J. Int. L. & C. 1, at 11 (1998).

17. Indeed, even if it were assumed that Section 1782 were available to obtain evidence in the United States from a party in the foreign proceedings, a United States court should exercise its clearly prescribed discretion to deny an application made by the opposing party in the foreign proceedings. As a general rule, it would be improper to impose on a United States court a burden that should reasonably be that of the foreign tribunal. See Smit, *ibid.*

18. Imposing that burden on this Court in the case at hand would be particularly inappropriate, because the Japanese Patent Office has the authority under its own law to direct that Shipley produce testimonial and documentary evidence. See the Declaration of Naoki Matsumoto, paras. 5,6, attached as Exhibit D to Shipley's Memorandum in Support of its Motion. There is therefore no need for burdening this Court with what is within the proper authority and responsibility of the Japanese Patent Office.

C. *Section 1782 Covers Only Evidence Located in the United States*

19. I have earlier defended the view that Section 1782

6a

covers only the production of evidence that is located in the United States. The production of evidence located elsewhere can be ordered only by courts that exercise jurisdiction there. This view was adopted by Judge Paterson of the Southern District of New York in *In re Application of Sarrio S.A.*, 1995 WL 598988. The Second Circuit, per Judge Leval, indicated his agreement with my view by stating that "there is reason to think that Congress intended to reach only evidence located within the United States" (119 F.3d 43 (2d Cir. 1997). Of course, this issue need not be reached if the Application in this case is rejected on the ground that Section 1782 does not authorize the production of evidence by a party to the foreign proceeding. But if this view is not adopted, the view that Section 1782 does not cover production of evidence not located in the United States requires that, in any event, the Application in this case be rejected insofar as it seeks production of evidence not located in the United States.

D.   *Is the Japanese Patent Office "A Foreign Tribunal?"*

20.   I have consistently defended the view that assistance under Section 1782 is available as long as the evidence sought is to be used in proceedings before a foreign body exercising adjudicatory authority. However, the Second Circuit has given the term "foreign or international tribunal" a much more limited construction. In *In re letters Rogatory Issued by the Director of Inspection of the Government of India*, 936 F. 2d 702 (1991), the Second Circuit, per Judge Friendly, ruled that the Indian Taxing Service, which had the authority to adjudicate tax claims, was not a "foreign tribunal" within the meaning of Section 1782. And in *National Broadcasting Co., Inc.* v. *Bear Steams & Co.*, 165 F.3d 184 (2d Cir. 1999), the Court held that an international arbitral tribunal, although undoubtedly exercising adjudicatory authority, was not a "tribunal" in the sense of Section 1782.

21.   Clearly, the Second Circuit rulings are premised on a concern that the district courts not be burdened with providing assistance to other than judicial proceedings similar to their own. District courts do not provide assistance of the

7a

kind here sought to its own Patent Office. The Second Circuit is most likely to regard it as improper to provide assistance to a foreign Patent Office that it does not provide to its United States counterpart.

E.  *Is The Evidence Sought "For Use" In A Proceeding?*

22.  Moved no doubt again by a desire to limit the burdens imposed on district courts, The Second Circuit has required that the proceedings be pending or imminent. See *In re Request for International Judicial Assistance for the Federal Republic of Brazil,* 936 F.2d 762 (2d Cir. 1991).

23.  The documents submitted to me indicate that a substantial part of the evidence sought relates to a patent against which, for more than six months after Ishihara alleged that it would initiate such a proceeding, no proceeding has been instituted, and in fact may never be instituted. Under the Second Circuit's approach, the application, therefore should be rejected.

F.  *Section 1782 Does Not Authorize Admission Requests Or Interrogatories*

24.  Tellingly, Section 1782 does not mention "admissions" or interrogatories," which, under the Federal Rules, can be obtained only from parties. This confirms that Section 1782 focuses on obtaining evidence from non-parties. For if Section 1782 were intended to allow discovery from parties to a foreign proceeding, it would no doubt have expressly included admission requests and interrogatories.

25.  Requests for admissions and interrogatories are not known in Japanese procedure (see the Declaration of Naoki Matsumoto, para. 4), nor, as a rule, in countries of the civil law tradition. It should not be assumed that Section 1782 seeks to introduce into foreign litigation procedural institutions that are unknown to it. Section 1782 should therefore be read as authorizing only what its clear terms convey and as contemplating only the giving of oral testimony or statements.

26.  Consequently, the application, to the extent it seeks

8a

admissions and interrogatories, is not authorized by Section 1782, even if it is assumed that Section 1782 authorizes judicial assistance in obtaining evidence from a party in the foreign evidence.

G.   *The Court Has, In Any Event, Discretion To Deny The Application*

27.   It is well settled that Section 1782, by use of the word "may," gives the court broad discretion in ruling on an application for assistance. The legislative history, the statutory text, the courts, and the commentators are in universal accord. See generally Smit, *International Litigation under the United States Code,* 65 Colum. L. Rev. 1015 (1965); Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S. Code Revisited,* 25 Syr. J. Int. L. & C. 1, 15 (1998). Indeed, the discretionary authority bestowed upon the court has been given specifically to enable it to determine, on a case-by-case basis, whether, and to what extent, it is appropriate to burden the American court with the task of directing the production of evidence to be used in foreign proceedings.

28.   In the case at hand, even if the Application otherwise met the requirements of Section 1782, the following circumstances favor this Court's exercising its discretion to deny the Application:

(a)   that Shipley is a party in the foreign proceeding and subject to the jurisdiction of that Japanese Patent Office;

(b)   that the Japanese Patent Office has the authority to order the production of testimonial and documentary evidence itself;

(c)   that the application seeks production of evidence that is not located in the United States and that is to be used in a foreign proceeding that has not been commenced;

(d)   that the Japanese Patent Office is not a judicial body;

(e)   that the application is clearly overbroad and, indeed, excessive;

9a

(f)   that issues of confidentiality and privilege can best be addressed in the foreign forum; and

(g)   principles of due process which preclude an ex-party application. See, e.g., *Snaidach* v. *Family Finance Corp.*, 395 U.S. 337 (1960, Smit, 25 Syr. J. of Int. L. & C., at 16 (1998).

## V. CONCLUSIONS

29.   I therefore conclude that:

(a)   no assistance under Section 1782 should be rendered when the evidence is sought from a party in the foreign proceeding;

(b)   no assistance under Section 1782 should be rendered when the evidence is not in the United States;

(c)   under controlling Second Circuit precedents, no assistance under Section 1782 should be rendered when the foreign proceeding in which the evidence is to be used is not pending or imminent;

(d)   under controlling Second Circuit precedents, no assistance should be rendered under Section 1782 when the foreign proceeding is not before a judicial institution or a public body exercising equivalent authority;

(e)   Section 1782 does not authorize admission requests and interrogatories;

(f)   under Section 1782, this Court has clear discretion to reject the application;

10a

Done, this 18th day of May, 2000

Respectfully Submitted,

/s/

_____

Hans Smit
Stanley H. Fuld Professor
of Law Columbia University

HS:rmp