UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 1:15-mc-00417-P1 |

**Respondents' Firefly Value Partners, LP, FVP GP, LLC, Marble Arch Investments, LP, Marble Arch Investments GP, LLC, Tremblant Capital LP, Tremblant Capital Group, Tremblant-Trident Capital LP, Tremblant-Trident Holdings LLC, and Tremblant Holdings LLC's Objections to Subpoenas for Documents and Testimony**

Pursuant to Fed.R.Civ.P. 26 and 45(d), Respondents Firefly Value Partners, LP, FVP GP, LLC, Marble Arch Investments, LP, Marble Arch Investments GP, LLC, Tremblant Capital LP, Tremblant Capital Group, Tremblant-Trident Capital LP, Tremblant-Trident Holdings LLC, and Tremblant Holdings LLC (together, "Respondents"), by their undersigned counsel, hereby object to the subpoenas served on them by PSE pursuant to December 29, 2015 Order entered in this matter.

*General Objections*

All of the objections are subject to and without waiver of such other and further objections as are made by Respondents in connection with Respondents' Motion to Vacate Section 1782 Order and for Other Relief, and the memorandum in support thereof, filed on January 22, 2016, all of which is incorporated herein by reference.

Respondents object that the subpoenas fail to allow a reasonable time to comply, particularly under the circumstances that discovery is sought for use in a proceeding pending in a foreign country and that prior notice of the subpoenas was not given to the parties in the underlying litigation and to counsel for the said parties until January 14, 2015.

Respondents object to all the requests and testimonial subjects because they are overbroad, redundant, and unduly burdensome. None of the requests are reasonably limited or tailored to the statute of limitations issue.

Respondents object to the subpoenas because they have been sought and interposed for the purpose of harassing, annoying, embarrassing or oppressing Respondents and the plaintiffs in the underlying German litigation.

Respondents object to the subpoenas because the discovery requested is not important to resolving the issues since the issues will be resolved by similar, albeit different means, in the underlying German litigation.

Respondents object to the requests as imposing an undue burden and one not proportional to the needs of the case, given that there are adequate disclosure mechanisms available in the German litigation.  Because witness testimony can be taken in Germany, including the examination of the same party witnesses that Porsche seeks here, the taking of depositions would be duplicative.

Respondents object to the subpoenas because they fail to specify a time for production of documents and appearance of deponents as required by Fed. R. Civ. P. 45(a)(1)(A)(iii).

To the extent discovery is agreed or ordered, Respondents object that the subpoenas seek confidential information. If discovery is allowed, Respondents will agree to a reasonable confidentiality agreement and order.

*Objections to Subpoenas Seeking Documents*

Respondents object to the definition of the term "PSE" to the extent that term embraces "predecessor companies, its management and advisory boards, and any of its employees or agents or persons authorized to act on PSE's behalf" because that definition is overbroad and it is unduly burdensome in this context to refer in the abstract to such unidentified persons and entities. To the extent required or agreed that documents will be searched for and/or produced, the Respondents will define PSE to refer to Porsche Automobil Holding SE.

Respondents object to the definition of the terms "Security" and "Securities" because the phrase "such interest" is not clearly identified to an interest and because the phrase "in any way" in the context of this definition is confusing and overbroad. Respondents will apply an ordinary definition of such term and will remain amenable to a more specific understanding of the term to the extent reasonably and specifically suggested by Petitioner.

Respondents object to the definition of "VW Securities" to the extent the terms "referring to" and "relating to" are overbroad, and because the inclusion of the phrase "whether in whole or in part" is overly broad and confusing. Respondents will apply an ordinary definition of such term and will remain amenable to a more specific understanding of the term "VW Securities" to the extent reasonably and specifically suggested by Petitioner.

Respondents object to the definitions of the terms "You" and "Your" as overbroad and unduly burdensome in the context of this subpoena, particularly to the extent such terms embrace

3

"predecessors," "successors" and persons formerly associated with Respondents. Respondents object to each and every instruction and document request containing the word "You" or "Your" on this same ground. A context appropriate application of the term will be reasonably applied.

Respondents object to the document requests as invasive of the attorney-client privilege and the Attorney Work Product doctrine. To the extent privileged or other protected documents are called for but not produced, Respondents will prepare a privilege log, but no such log will be prepared for any communication with or involving counsel prior to October 26, 2008 or after December 31, 2011. By agreement of the parties, a log will be provided as agreed or ordered after the Court rules on Respondents' motion to vacate and/or quash.

> Request 1: All Documents and Communications, including, but not limited to, press releases, press reports, research reports or other Documents, whenever dated or created, concerning any actual, intended, contemplated, or possible transaction in or holding of any VW Securities by PSE between January 1, 2008 and December 31, 2011.

Request 1 is overbroad and unduly burdensome as written. This Request does not appear to be tailored to the statute of limitations issue forming the basis for the application that allowed the service of subpoenas and thus it is beyond the scope of allowed discovery. Production of documents "whenever dated or created" is overbroad because documents obtained, dated or created before October 26, 2008 and after December 31, 2011 are irrelevant to the limitations issue and pursuit of them would simply be an overly broad "fishing expedition."

> Request 2: All Documents and Communications, whenever dated or created, concerning the financial condition of PSE or the capability of PSE to transact in or hold VW Securities at any time between January 1, 2008 and December 31, 2011.

Request 2 is objectionable for the same reasons as stated for Request 1. In addition, the phrase "capability of PSE to transact in or hold VW Securities" is overly broad, ambiguous and confusing, and the phrase "financial condition of PSE" is overly broad.

> Request 3: All Documents and Communications concerning any claim or cause of action that was or might be asserted, joined, or acquired by any Person, including Respondent or any Person that manages, is managed by, or is affiliated with Respondent, against PSE relating to its disclosures or conduct with respect to any actual, intended, contemplated, or possible transactions in or holdings of VW Securities.
>
> Request 4: All Documents and Communications concerning investigations, trials, or any other legal proceedings related to PSE's disclosures or conduct with respect to any actual, intended, contemplated, or possible transactions in or holdings of VW Securities.

Requests 3 and 4 are overbroad, not limited as to time, and invasive of the attorney-client privilege and Attorney Work Product doctrine. To the extent these requests seek documents relating to claims or causes of action that might be asserted against PSE by persons other than plaintiffs in the underlying case captioned *Effecten-Spiegel AG, et al. v. Porsche Automobil Holding SE* (the "German Action"), such information is irrelevant to PSE's claimed statute of limitations defense in the German Action and therefore beyond the scope of the Order.

*Objections to Subpoenas Seeking Testimony*

Respondents object to the subpoenas seeking testimony. Respondents incorporate by reference the responses and objections to the definitions and instructions relating to the document requests.

Respondents object to the testimonial subpoenas because they are unduly burdensome as they are duplicative of the German fact-gathering process and because witnesses will be

5

available to testify at the trial of the case, and subject to the questioning of the court and counsel for the parties.

Respondents object to the testimonial subpoenas as duplicative and cumulative of any document productions.

Respondents object to the testimonial subpoenas to the extent they seek information not known to or reasonably available to them.

Responding to the subjects of examination, Respondents hereby assert the following additional objections:

> Subject 1: Your corporate structure, including, but not limited to, the identity and responsibilities of any Person that manages, is managed by, or is affiliated with You, and the relationships between and among You and any such Persons.

Subject 1 is overbroad, unduly burdensome, and not reasonably tailored to allow Respondents to produce a witness.  To the extent Petitioner seeks information about each Respondent's "corporate structure" as that term is generally understood, the information is more easily obtained by interrogatory.  To the extent Petitioner seeks the identities of employees, managers, and all persons "affiliated" with each Respondent, the subject is overly broad and unduly burdensome and not reasonably calculated to obtain relevant information.  Respondents object to the phrase "including but not limited to" as overbroad and inappropriate in the context of a Rule 30(b)(6) description.  Respondents note that they have submitted declarations in connection with the motion to vacate the Section 1782 Order which may obviate any claimed need for a witness on this subject.

> Subject 2: Your knowledge of, or communications about, any actual, intended, contemplated, or possible transaction in, or holding of, any VW Securities by PSE or any of its predecessor companies between January 1, 2008 and December 31, 2011.
>
> Subject 3: Your knowledge of, or communications about, the financial condition of PSE or of the capability of PSE to transact in or hold VW Securities at any time between January 1, 2008 and December 31, 2011.

Subjects 2 and 3 are overbroad, unduly burdensome, and not reasonably calculated to obtain information for purposes of the underlying litigation in Germany.  To the extent they seek testimony about "communications" without a time limitation, these subjects necessarily seek information protected by the attorney-client privilege and the Attorney Work Product doctrine.  Respondents also object to the requirement that a witness testify about an institution's "communications about" a subject as overly broad and unduly burdensome, particularly given that witnesses will be available to testify at the trial in Germany.  Each Respondent objects to having to produce witnesses to testify about knowledge of persons not presently available to them or currently employed by or affiliated with them.

> Subject 4: Your knowledge of, communications about, or role in pursuing any claim or cause of action that was or might have been asserted, joined, or acquired by any Person, including You or any Person that manages, is managed by, or is affiliated with You, against PSE relating to its disclosures or conduct with respect to any actual, intended, contemplated, or possible transactions in or holdings of VW Securities.

Subject 4 is overbroad, unduly burdensome, violates the attorney-client privilege and the Attorney Work Product doctrine, and is not reasonably calculated to obtain information for purposes of the underlying German Action without violating the attorney-client privilege.  To the extent it seeks testimony about "communications" without a time limitation, this subject necessarily seeks information protected by the attorney-client privilege and the Attorney Work Product doctrine.  Respondents also object to the requirement that a witness testify about an

institution's "communications about" as overly broad and unduly burdensome. Respondents object that this is a compound subject seeking multiple witnesses on multiple topics. Each Respondent objects to having to produce witnesses to testify about knowledge of persons not presently available to them or currently employed by or affiliated with them. As phrased, Subject 4 is a "fishing expedition."

> Subject 5: Your knowledge of, or communications about, investigations, trials, or any other legal proceedings related to PSE's disclosures or conduct with respect to any actual, intended, contemplated, or possible transactions in or holdings of VW Securities. This subject includes but is not limited to how and when You acquired such knowledge.

Subject 5 is overbroad, unduly burdensome, violates the attorney-client privilege and the Attorney Work Product doctrine, and is not reasonably calculated to obtain information for purposes of the underlying German Action without violating the attorney-client privilege. To the extent it seeks testimony about "communications" without a time limitation, this subject necessarily seeks information protected by the attorney-client privilege and the attorney work product doctrine. Respondents also object to the requirement that a witness testify about an institution's "communications about" as overly broad and unduly burdensome. Respondents object that this is a compound subject seeking multiple witnesses on multiple topics. Respondents object to the phrase "including but not limited to" as overbroad and inappropriate in the context of a Rule 30(b)(6) description. Each Respondent objects to having to produce

witnesses to testify about knowledge of persons not presently available to them or currently employed by or affiliated with them.  As phrased, Subject 5 is a "fishing expedition."

Dated: January 22, 2015                    STONE BONNER & ROCCO LLP


                                           By: /s/ Ralph M. Stone
                                                Ralph M. Stone
                                                Susan M. Davies

                                           145 West 45th Street, Suite 701
                                           New York, NY  10036
                                           Tel. 212.239.4340
                                           Fax 212.239.4310

                                           *Attorneys for Respondents*