Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

Übersetzung durch Jane Yager für das Bundesministerium der Justiz und für Verbraucherschutz.
Translation provided by Jane Yager for the Federal Ministry of Justice and Consumer Protection.
Stand: Die Übersetzung berücksichtigt die Änderung(en) des Gesetzes durch Artikel 3 des Gesetzes vom 4.7.2013 (BGBl. I S. 1981)
Version information: The translation includes the amendment(s) to the Act by Article 3 of the Act of 4 July 2013 (Federal Law Gazette I p. 1981)
© 2014 juris GmbH, Saarbrücken

# Act on Model Case Proceedings in Disputes under Capital Markets Law

# (Capital Markets Model Case Act – KapMuG)

Capital Markets Model Case Act of 19 October 2012 (Federal Law Gazette I, p. 2182), last amended by Article 3 of the Act of 4 July 2013 (Federal Law Gazette I p. 1981)

## Part 1
### Application for Establishment of a Model Case; Reference Procedures

### Section 1
### Scope

(1) This Act applies to civil disputes in which:

1.   A claim for compensation of damages due to false, misleading or omitted public capital markets information,

2.   A claim for compensation of damages for the use of false or misleading public capital markets information or for failure to offer clarification about the false or misleading nature of public capital markets information, or

3.   A claim to fulfilment of contract, which is based on an offer under the Securities Acquisition and Takeover Act,

is asserted.
(2) Public capital markets information means information directed at a large number of investors regarding facts, circumstances and statistical as well as other company data which relate to an issuer of securities or an offerer of other investments. These shall include, in particular, information contained in

1.   Prospectuses under the Securities Prospectus Act and fact sheets under the Securities Trading Act,

2.   Sales prospectuses, capital investment fact sheets, and key investor information under the Sales Prospectus Act, the Capital Investment Act, the version of the Investment Act in force until 21 July 2013, and the Investment Code,

3.   Communication of insider information within the meaning of Section 15 of the Securities Trading Act,

4.   Presentations, overviews, lectures and information in the main collection on the state of the company, including its relationships with associated enterprises within the meaning of Section 400 (1) no. 1 of the Stock Corporation Act,

5.   Annual financial statements, annual reports, group financial statements, group annual reports and interim reports of the issuer, and in

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

6.  Offering documents within the meaning of Section 11 (1), first sentence, of the Securities Acquisition and Takeover Act.

## Section 2
### Application for Establishment of a Model Case

(1) By application for the establishment of a model case, in a proceeding at first instance, the establishment of the existence or non-existence of conditions justifying or ruling out entitlement or the clarification of legal questions may be sought (establishment objective). Application for the establishment of a model case may be made by the plaintiff and the defendant.

(2) Application for the establishment of a model case shall be made with the court trying the matter and shall include indication of the establishment objective and the public capital markets information.

(3) Such application must contain information on all factual and legal circumstances which serve to justify the model case. The applicant shall substantiate that the decision on the establishment objective in a model case (model case ruling) may have significance for other similar cases beyond the individual dispute concerned.

(4) The respondent shall be granted opportunity to comment on the matter.

## Section 3
### Admissibility of Application for the Establishment of a Model Case

(1) The court trying the matter shall deny the application for the establishment of a model case as inadmissible, with no possibility to appeal such order, if

1.  A decision on the dispute upon which the application for the establishment of a model case is based is not dependent on the claimed establishment objective,

2.  The evidence described is unsuitable as proof of the claimed establishment objective,

3.  The significance of the case for other legal disputes is not demonstrated, or

4.  Application for the establishment of a model case is made for the purpose of delaying proceedings.

(2) The court trying the matter shall announce publicly an admissible application for the establishment of a model case in the Federal Gazette under the title "Complaint Registry pursuant to the Capital Markets Model Case Act" (Complaint Registry). There shall be no possibility to appeal such order. The public announcement shall contain only the following information:

1.  The complete name of the accused party and its legal representative,

2.  The name of the issuer of securities or offeror of other investments to which the application for the establishment of a model case refers,

3.  The name of the court trying the matter,

4.  The case number at the court trying the matter,

5.  The establishment objective of the application for the establishment of a model case,

6.  A brief summary of the subject matter, and

7.  The exact date of receipt of the application by the court trying the matter and the exact date of the public announcement in the Complaint Registry.

(3) The court trying the matter shall publicly announce admissible applications for the establishment of a model case within six months of receipt of the application. Any delay in

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

the making of this public announcement is to be justified in an order which there shall be no possibility to appeal.

(4) The court trying the matter may abstain from publicly announcing applications for the establishment of a test case in the Complaint Registry if the conditions for the introduction of a model case pursuant to Section 6 (1), first sentence, have already been met.

## Section 4
### Complaint Registry; Power to Issue Statutory Instruments

(1) Applications for the establishment of a model case whose establishment objective refers to the same subject matter (related applications) shall be listed in the Complaint Registry chronologically according to the date of their announcement.

(2) The court making the announcement bears responsibility for the protection of data that it has made public in the Complaint Registry, in particular for the legality of the collection of this data, the permissibility of its announcements and the correctness of its representation.

(3) Access to the Complaint Registry shall be open to everyone free of charge.

(4) Data stored in the Complaint Registry shall be deleted without delay upon final and binding conclusion of the model case proceeding or in the event of denial of an application for the establishment of a model case pursuant to Section 6 (5).

(5) The Federal Ministry of Justice shall be empowered to stipulate by statutory order more precise provisions on the content and structure of the Complaint Registry, in particular with regard to entries, amendments, deletions, rights of access, data security and data protection. This shall include provisions on the setting of dates for deletions and provisions which ensure that the public announcements

   1.   Remain intact, complete and current, and

   2.   Can be traced to their origins at any time.

## Section 5
### Interruption of Proceedings

Proceedings shall be interrupted upon public announcement of the application for the establishment of a model case in the Complaint Registry.

## Section 6
### Reference to the Higher Regional Court; Power to Issue Statutory Instruments

(1) The court trying the matter shall order the referral of the decision on the establishment objective of related applications for the establishment of a model case to the Higher Regional Court which is the higher court of instance if at least nine other related applications for the establishment of a model case have been announced within six months after the first announcement of an application for the establishment of a model case. The order referring the matter to a higher court of instance shall be without appeal and binding for the Higher Regional Court.

(2) The court trying the matter of the first application for the establishment of a model case which was publicly announced shall be responsible for the order referring the matter to a higher court of instance.

(3) The order referring the matter to a higher court of instance shall contain:

   1.   The establishment objective, and

   2.   A brief summary of the essential content which the related applications for the establishment of a model case share in common.

(4) The court trying the matter shall publicly announce the content of the order referring the matter to a higher court of instance in the Complaint Registry.

(5) If within six months after the public announcement of the respective application for the establishment of a model case, nine additional similar applications have not been announced

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

publicly, the court trying the matter shall deny the application by order and continue the proceedings. This order shall be without appeal.

(6) If more than one Higher Regional Court has been instituted in any given Land, competency for model cases may be assigned by order of the Land government to one of the Higher Regional Courts or the highest Regional Court. The Land governments may stipulate by order the transfer of this authority to the Land administrations of justice. The competency of a Higher Regional Court for specific districts or an entire region of several Länder may be established through a treaty between Länder.

### Section 7
### Precluding Effects of the Order Referring the Matter to a Higher Court of Instance

Upon issuance of the order referring the matter to a court of higher instance, the initiation of a further model case proceeding for the proceeding which is to be suspended pursuant to Section 8 (1) shall be inadmissible. An order referring the matter to a court of higher instance which is nonetheless issued shall not be binding.

### Section 8
### Suspension

(1) After the public announcement of the model case in the Complaint Registry, the court trying the matter shall suspend ex oficio all pending proceedings or any proceedings brought prior to the handing down of a final decision regarding the establishment objective in the model case proceeding whose decision is contingent upon the claimed establishment objective. This shall apply regardless of whether an application for the establishment of a model case was made in the proceeding. The parties shall be heard unless they have waived their right to do so.

(2) The plaintiff may withdraw the complaint within a month of the suspension order without the consent of the defendant, even if the main model case proceedings have begun.

(3) In the suspension order, the court trying the matter shall inform the plaintiff

   1. That the pro rata costs of the model case shall make up part of the costs of the trial proceedings, and

   2. That no. 1 shall not apply if the complaint is withdrawn within a month of the service of the order of suspension of the main proceedings (Section 24 (2)).

(4) The court trying the matter shall without delay inform the Higher Regional Court conducting the model case proceedings of the suspension order. The amount of the claim, if it is affected by the establishment objective of the model case, is to be named in the suspension order.

### Part 2
### Conducting Model Case Proceedings

### Section 9
### Parties to the Model Case Proceedings

(1) The parties to the model case proceedings shall be:

   1. The model case plaintiff,

   2. The model case defendant,

   3. Interested parties summoned.

(2) The Higher Regional Court shall designate by order as appears equitable the model case plaintiff from among the plaintiffs whose proceedings have been suspended pursuant to Section 8 (1). Consideration shall be given to the following:

   1. The suitability of the plaintiff to conduct the model case proceedings in consideration of the interests of the parties summoned,

Service provided by the Federal Ministry of Justice and Consumer Protection in cooperation with juris GmbH – www.juris.de

2. Agreement among several plaintiffs designating a single model case plaintiff, and

3. The amount of the claim, if it is affected by the establishment objective of the model case.

There shall be no contestation of such order.
(3) The plaintiffs who are not selected as the model case plaintiff shall be summoned to the model case proceeding.
(4) The Higher Regional Court may, upon request of a summoned interested party, dismiss the model case plaintiff and appoint a new model case plaintiff in accordance with (2) if the model case plaintiff is not conducting the model case appropriately.
(5) Model case defendants shall be all defendants in the suspended proceedings.

## Section 10
### Public Announcement of Model Case Proceedings; Registration of a Claim

(1) Upon selecting the model case plaintiff, the Higher Regional Court shall publicly announce the following in the Complaint Registry:

1. The name of the model case plaintiff and his legal representative (Section 9 (1) no. 1),

2. The name of the model case defendants and their legal representatives (Section 9 (1) no. 2), and

3. The case number of the Higher Regional Court.

(2) Within a period of six months after the public announcement in accordance with (1), a claim regarding the model case proceeding may be registered in writing with the Higher Regional Court. Such registration is inadmissible if a complaint has already been registered for the same claim. The registrant must be represented by a lawyer. The public announcement shall provide information about the conditions and time limit of the registration in accordance with (1).
(3) The registration of a claim must contain:

1. The name of the registrant and his legal representative,

2. The case number of the model case proceeding and a declaration of intent to register a claim,

3. The names of the model case defendants against whom the claim is being made, and

4. The grounds for and amount of the claim that is to be registered.

(4) The registration is to be served on the model case defendants named therein.

## Section 11
### General Procedural Rules; Power to Issue Statutory Instruments

(1) The applicable provisions stipulated under the Code of Civil Procedure for proceedings at the first instance before the Regional Courts shall apply mutatis mutandis to the test case proceeding, provided no other derogating stipulations have been agreed to. Section 278 (2) to (5) and Sections 306, 348 to 350 and 379 of the Code of Civil Procedure shall not apply. Interested parties summoned must not be named in orders.
(2) Public announcement may be made in lieu of service to interested parties of summonses to court hearings and interlocutory decisions. Public announcement shall be effected by entry into the Complaint Registry. There must be a period of at least four weeks between public announcement and the date of the hearing.
(3) The Federal Government and the Land governments may determine by order for their area of competency the following:

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

1. The point in time as of which electronic files are to be kept in the model case proceeding, and

2. The applicable organisational and technical basis necessary for the creation, maintenance and storage of such electronic files.

The Land governments may transfer this authority by order to the Land administrations of justice.

(4) The Federal Government and the Land governments may prescribe by order for their area of competency

1. That in model case proceedings statements are to be submitted to the court in electronic form,

2. That confirmations of receipt are to be sent in response electronically, and

3. That the parties shall be required to ensure that electronic documents may be served on them by the court, as well as

4. What form is suitable for the processing of the documents.

The Land governments may transfer this authority by order to the Land administrations of Justice.

### Section 12
### Preparation of the Hearing; Written Pleadings

(1) In preparation of the hearing, the presiding judge or a member of the bench designated by him may instruct the interested parties summoned to the hearing to submit additions to the written pleadings provided by the model case plaintiff, and in particular may set a deadline for the clarification of certain points which require further elucidation.

(2) Written pleadings of the parties to the model case and interlocutory decisions of the Higher Regional Court in the model case proceeding shall be announced in an electronic information system that is only accessible to parties to the model case.  The data stored in the electronic information system shall be deleted without delay upon final and binding conclusion of the model case proceeding or upon any other ending of the suspended proceedings. The Land administrations of justice shall determine what electronic information and communication system is used for the stored data, and are responsible for the implementation of the electronic retrieval procedure. The Länder may prescribe a cross-regional central electronic information and communication system.

### Section 13
### Effects of Withdrawal; Ending the Proceedings

(1) The Higher Regional Court shall designate a new model case plaintiff pursuant to Section 9 (2) if the model case plaintiff withdraws his complaint in the course of the main model case proceedings. The same shall apply in the event of the initiation of insolvency proceedings in respect of the model case plaintiff's assets.

(2) The same shall apply in the event that the legal counsel representing the plaintiff applies for suspension of the model case proceedings for any of the following reasons:

1. The model case plaintiff has died,

2. The model case plaintiff no longer has the capacity to sue or to be sued,

3. The model case plaintiff has lost his legal representative,

4. A court order has been issued subjecting an estate to administration, or

5. A reversionary succession has occurred.

(3) Withdrawal of the complaint by one of the parties summoned shall have no effect on the progress of the model case proceedings.

Service provided by the Federal Ministry of Justice and Consumer Protection in cooperation with juris GmbH – www.juris.de

(4) Withdrawal of an application for establishment of a model case shall have no effect on the status of a model case plaintiff or the progress of the proceedings.

(5) A model case ruling shall not be issued if the model case plaintiff, the model case defendant and the interested parties summoned agree unanimously that they want to end the model case proceedings. The Higher Regional Court shall end the model case proceedings by order. There shall be no contestation of such order, and it shall be announced publicly. Section 11 (2), second sentence, shall apply mutatis mutandis.

## Section 14
### Legal Position of Interested Parties Summoned

The interested parties summoned must engage in the model case proceeding at the stage it is in at the time of the suspension of the trial proceedings conducted by them. They are entitled to avail themselves of means of contestation or defence and to effectively undertake all relevant procedural acts, as long as their statements and actions are not contrary to the statements and actions of the model case plaintiff.

## Section 15
### Expansion of the Model Case Proceedings

(1) Upon public announcement of the order referring the matter to a higher court of instance pursuant to Section 6 (4), the Higher Regional Court shall expand the establishment objective by order, provided that

   1. The decision on the dispute which the case is based upon is dependent on the additional establishment objective,

   2. The establishment objectives concern the same subject matter, which is the basis of the order referring the matter to a court of higher instance, and

   3. The Higher Regional Court deems the expansion to be relevant to the case.

The application is to be submitted to the Higher Regional Court and is to include the establishment objective and public capital markets information.

(2) The Higher Regional Court shall publicly announce the expansion of the model case proceedings in the Complaint Registry.

## Section 16
### Model Case Ruling

(1) The Higher Regional Court shall hand down by order a model case ruling based on an oral hearing. The interested parties summoned need not be named in the title of a model case ruling. The model case ruling shall be served on the parties to the case and the applicants. A public announcement may be made in lieu of such notification. Section 11 (2), second sentence, shall apply mutatis mutandis.

(2) The court trying the matter shall make the decision regarding the costs incurred through the model case proceedings.

## Section 17
### Settlement Proposal

(1) The model case plaintiff and the model case defendant may conclude a litigation settlement agreement by submitting to the court a written settlement proposal ending the model case proceedings and the main case proceedings or by accepting a written settlement proposal from the court through a written pleading to the court. The interested parties summoned shall be granted the opportunity to comment on the matter. The settlement shall require the approval of the court under Section 18. The approved settlement shall take effect if fewer than 30 per cent of the interested parties summoned declare their withdrawal from the settlement under Section 19 (2).

(2) The settlement proposal shall also include provisions on the following matters:

   1. The distribution of the agreed benefits among the parties,

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

2. The evidence of eligibility for benefits that is to be provided by the parties,

3. The dates on which benefits are payable, and

4. The distribution of the costs of the model case proceedings among the parties.

## Section 18
### Approval of the Settlement

(1) The court shall approve the settlement through an order that shall be without appeal, if it deems it to be a suitable amicable settlement of the suspended legal dispute, taking into consideration the previous state of affairs and of the dispute of the model case proceedings and of the outcome of the hearing of the interested parties summoned.
(2) After approval has been granted, the settlement may no longer be revoked.

## Section 19
### Announcement of the Settlement; Withdrawal

(1) The approved settlement shall be served on the interested parties summoned.
(2) The interested parties summoned may declare their withdrawal from the settlement within a period of one month after the serving of the settlement. Such withdrawal must be announced in writing to the court; it may be put on record at the court registry.
(3) The interested parties summoned shall be informed of their right to withdraw from the settlement, of the required conditions and time limit, and of the effect of the settlement.

## Section 20
### Appeal on Points of Law

(1) An appeal on points of law shall be directed against the model case ruling.  The legal matter is always of fundamental significance within the meaning of Section 574 (2) no. 1 of the Code of Civil Procedure. The appeal on points of law may not be based upon the wrongful obtaining of a model case ruling by the court trying the matter pursuant to Section 6 (1) and (2). All parties shall be entitled to appeal.
(2) The appeals court shall inform the other parties to the model case proceedings and the applicants of the receipt of an appeal if the appeal is admissible of itself and has been submitted in compliance with the legally established conditions and time limit. Notification shall be served. A public announcement may be made in lieu of such notification; Section 11 (2), second sentence, shall apply mutatis mutandis.
(3) The other parties may join the appeal proceedings within a deadline of one month from the serving of notification pursuant to (2). Grounds for the written pleading to join the appeal proceedings shall be provided within a month of the serving of notification pursuant to (2). Section 551 (2), fifth and sixth sentences, of the Code of Civil Procedure shall apply mutatis mutandis.
(4) If one of the parties chooses not to join the appeal or does not submit a statement within the time period named in (3), the model case proceedings before the appeals court shall proceed without him.  Section 14 shall apply mutatis mutandis to the legal position of the parties that have joined the appeal process.
(5) Notification of the ruling on the appeal shall be served on the parties and the applicants. A public announcement may be made in lieu of such notification; Section 11 (2), second sentence, shall apply mutatis mutandis.

## Section 21
### Model Case Appellant

(1) If the model case plaintiff submits an appeal against the model case ruling, he continues the model case proceedings with the appeal authority as the model case appellant. The appeals court shall select the model case appellee from among the model case defendants by order as appears equitable. Section 574 (4), first sentence, of the Code of Civil Procedure shall apply mutatis mutandis to all other model case defendants.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) If the appeal against the model case ruling is filed not by the model case plaintiff but by one or more of the interested parties summoned, the one among the interested parties summoned who was the first to file an appeal shall be designated the model case appellant by the appeals court.

(3) If one or more of the model case defendants files an appeal against the model case ruling, the model case defendant who was the first to file an appeal shall be designated the model case appellant by the appeals court. The model case plaintiff shall be the model case apellee. Section 574 (4), first sentence, of the Code of Civil Procedure shall apply mutatis mutandis to the interested parties summoned.

(4) If the model case appellant withdraws his appeal, the court of appeal shall in accordance with Section 13 (1) designate a new model case appellant from among the parties that have joined the appeal proceedings on the side of the model case appellant, unless these also decline to continue the appeal.

## Part 3
## Effect of the Model Case Ruling and the Settlement; Costs

### Section 22
### Effect of the Model Case Ruling

(1) The model case ruling shall be binding on the courts trying all proceedings that have been suspended pursuant to Section 8 (1). Without prejudice to subsection (3), the model case ruling shall have effect for and against all parties to the model case proceedings irrespective of whether the party itself has expressly complained of all the points of dispute in the model case proceedings. This shall also apply if the model case plaintiff or the interested party summoned has withdrawn its complaint in the main proceedings after the deadline named in Section 24 (2).

(2) The order shall be defined as taking final and binding effect to the extent that a ruling has been handed down in regard to the establishment objectives of the model case proceedings.

(3) Upon final and binding conclusion of the model case proceedings, the interested parties summoned shall only be heard in legal disputes brought against the model case defendants which assert that the model case plaintiff conducted the model case inadequately to the extent that

   1.   Due to the stage of the model case proceedings at the time of the suspension of their legal dispute or on account of the statements and actions of the model case plaintiff, they were hindered from availing themselves of means of contestation or defence, or

   2.   Means of contestation or defence of which they were unaware were not availed of by the model case plaintiff, either intentionally or due to gross negligence.

(4) Main proceedings shall be recommenced upon submission of the final and binding model case ruling by a party to the model case proceedings.

(5) The model case ruling shall also have effect for and against the parties which did not join the appeal process.

### Section 23
### Effect of Settlement

(1) The Higher Regional Court shall prescribe by order when the approved settlement comes into effect. There shall be no possibility to appeal such order. The order shall be publicly announced. Section 11 (2), second sentence, shall apply mutatis mutandis. Upon announcement of the order establishing that the settlement is in effect, the settlement shall have effect for and against all parties that have not declared their withdrawal from the settlement.

(2) The settlement shall end the model case proceedings.

(3) Provided that the plaintiff has not declared his withdrawal from the settlement, the court trying the matter shall end the suspended proceedings by order and shall decide about the costs as appears equitable and taking into consideration the arrangement made pursuant to

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

Section 17 (2) no. 4. A complaint may be lodged forthwith against the order. The opposing party shall be heard before a decision is made about the complaint.
(4) If the plaintiff claims non-fulfilment of the settlement, the proceedings shall be reopened upon his request. If the complaint is now directed at the fulfilment of the settlement, the amended complaint shall be admissible.

## Section 24
### Subject Matter of the Decision on Costs in the Main Proceedings

(1) The costs incurred by the model case plaintiff and the interested parties summoned for model case proceedings at first instance shall comprise part of the costs of the respective main proceedings at first instance.
(2) The costs incurred by the model case defendants for model case proceedings at first instance shall on a pro rata basis comprise part of the costs of the respective main proceedings unless the complaint is withdrawn within a month of the serving of the order suspending the main proceedings. The respective share in the costs shall be determined according to the ratio of the amount of the claim made by the respective plaintiff, insofar as the establishment objectives of the model case concerns him, to the total amount of the claims made against the model case defendants in the proceedings suspended pursuant to Section 8 (1), insofar as the establishment objectives of the model case proceedings concern these claims.
(3) A claim shall not be considered in the total amount to be calculated pursuant to subsection (2) if the complaint is withdrawn within a month of the serving of the suspension order.
(4) Section 96 of the Code of Civil Procedure shall apply mutatis mutandis.

## Section 25
### Violation of the Requirement to Refer the Matter to the Higher Regional Court

An appeal against the final ruling of the court trying the matter in the main proceedings may not be based on the Higher Regional Court not having had jurisdiction to issue a model case ruling or not having met the conditions for issuing an order referring the matter to a higher court of instance.

## Section 26
### Decision concerning Costs in Appeal on Points of Law Proceedings

(1) The costs of an appeal on points of law which was unsuccessful shall be carried, depending on the degree of their involvement, by the model case appellant and those interested parties summoned who joined the appeal of points of law proceedings on the side of the model case appellant.
(2) If the appeals court itself gives the decision on the matter, the costs ensued in bringing a successful appeal on points of law by one of the model case defendants shall be carried by the model case plaintiff and all interested parties summoned, depending on the degree of their involvement in the model case proceedings. If the appeal on points of law was successfully brought by the model case plaintiff or one of the interested parties summoned, the costs of the appeal on points of law shall be carried by all model case defendants, depending on the degree of their involvement in the model case proceedings of the court of first instance.
(3) In the event of partial success and loss, section 92 of the Code of Civil Procedure shall apply mutatis mutandis.
(4) In the event that the appeals court sets aside the model case ruling by the Higher Regional Court and remits the matter for a new decision, the Higher Regional Court shall rule at its equitable discretion on the carrying of costs in appellate proceedings simultaneously with the handing down of its ruling on the model case proceedings. In doing so, the outcome of the model case proceedings shall be taken as its basis. Section 99 (1) of the Code of Civil Procedure shall apply mutatis mutandis.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(5) If the model case plaintiff and the interested parties summoned are ordered to pay costs incurred in the appellate proceedings, they shall reimburse the court fees advanced by the model case defendants and the attorney's fees of the model case defendants according to the respective value arising from the claims made by them in the main proceedings, insofar as these concern the establishment objectives of the model case proceedings.

## Section 27
## Transitional Provisions

In respect of model case proceedings in which oral arguments were heard before 1 November 2012, the version of the Act on Model Case Proceedings in Disputes under Capital Markets Law in force prior to 1 November 2012 shall continue to apply.

## Section 28
## Expiry

This Act shall expire on 1 November 2020.