Case 1:15-mc-00417-LAK   Document 39-2   Filed 01/22/16   Page 1 of 11

Hannover District Court 18 O 89/15 et al.  Hearing of December 8, 2015                    Page 1

18 O 333/14

18 O 89/15

18 O 96/15

18 O 175/15

**Hannover District Court**

**18th Civil Chamber**

**ARFB Anlegerschutz UG et al. vs. Porsche Automobil Holding SE et al.**

**Oral Hearing of December 8, 2015**

Stenographic Verbatim Transcript

Contents:                                                                                    Page:

Discussion of the facts and legal situation ............................................................................. 3

Case 1:15-mc-00417-LAK   Document 39-2   Filed 01/22/16   Page 3 of 11

Hannover District Court 18 O 89/15 et al.  Hearing of December 8, 2015                    Page    3

Begin:  12 PM

**Kleybolte, Chairman**: I would like to ask you all to please take a seat. I will wait until everyone is seated. – Then I would ask that all filming and photography stop. Please be so kind as to close the doors.

First of all a small technical problem – I put it to the Chamber – that does not necessarily belong in the transcript. We have a total of four proceedings today in which requests according to the Capital Market Investors' Model Proceedings Act [KapMuG] have been filed. That means we will generate four transcripts, whereby I would like it to be expressed in each transcript that we also also dealt with the three parallel proceedings simply to document the situation as it is, and that's just the way it is.

Of course this does not mean that everyone would have the right to inspect the records in each of the proceedings, only for clarification, only that we dealt with this together and that there was a hearing and a discussion. That is what I would like conveyed.

If there are any objections to this, I would ask that you announce it now because it concerns the version of the transcript.

I have asked you all here to the hearing on request of the KapMuG, even though the law does not require this. The decisions for these requests may be made without an oral hearing.

I have done this for two reasons. On the one hand because there is a civil proceeding, and amendments, responses, new pleadings are continually being filed in this proceeding. We have had some difficulty finding a point for which we all were granted a fair hearing and could make a decision; it was almost impossible. This is why we finally said, we choose an oral hearing so that we then have a point in time that allows us to grant a fair hearing to everyone, and even if it is in the form of pleadings to be filed at a later date that then puts us in a position to make a decision for all included, without violating anyone's rights. That is one reason.

The second reason: The matter is in fact somewhat important and therefore is of public interest. Consequently, a public hearing makes sense.

First of all I would like to include all those attending in the transcript.

**Recording clerk**: The same for all?

**Kleybolte, Chairman**: No, they are different, primarily on the Plaintiff's side.

**Recording clerk**: Then please tell me the case numbers.

**Kleybolte, Chairman**: Exactly, I will do that now. We will start, simply ascending from the date of receipt, with the proceeding 18 O 333/14.

**Tränkner, Plaintiff's representative**: For the Plaintiff, attorney at law Tränkner and attorney at law Zorn.

**Kleybolte, Chairman**: *For the Plaintiff attorney at law Tränkner accompanied by attorney at law Zorn*.

**Dr. Meier, Defendant's representative**: For the Defendant, general counsel Dr. Manfred Döss and attorneys at law Drs. Nohlen, Hanfland and Meiner.

**Kleybolte, Chairman**: As the next proceeding we have 18 O 89/15.

**Tilp, Plaintiff's representative**: That is Attorneys at Law Tilp and Wegner for the Plaintiff.

**Kleybolte, Chairman**: and for the Defendant under 1 as in the proceedings mentioned above.

**Dr. Meier, Defendant's representative**: Yes.

**Dr. Beddies, Defendant's representative**: For the Defendant under 2 Dr. Rosenmüller from the legal department of Volkswagen AG and attorneys at law Dr. Boese and Dr. Beddies.

**Kleybolte, Chairman**: *Attorneys at law Dr. Boese and Dr. Beddies accompanied by ---*Please state once more your function.

**Dr. Rosenmüller, Defendant's representative**: Counsel at law.

**Kleybolte, Chairman**: - - *Counsel at law of Defendant under 2, Dr. Rosenmüller*.

Then we have the proceeding 18O 96/15.

**Tilp, Plaintiff's representative**: That is the same team, attorneys at law Tilp and Wegner. I forgot to mention Mr. Olschewski as stenographer.

Case 1:15-mc-00417-LAK   Document 39-2   Filed 01/22/16   Page 4 of 11

Hannover District Court 18 O 89/15 et al.  Hearing of December 8, 2015          Page 20

**Dr. Boese, Defendant's representative**: Perhaps I might be allowed to interrupt briefly before the right to speak goes to the other side. – I don't know if it's a misconception, but you do not have to publish if you believe that there could still be other actions being filed against Volkswagen, to see if the actions still roll in. You have to make the prediction now, are more proceedings against Volkswagen AG expected, yes or no.  And for this there are simply no indications.

Sec. 3, para. 1 No. 3 states, it has to be important for further proceedings. For this it must also give concrete, plausible indications. You can read Kruis, Sec. 3, margin number 72. The indications are already not given because all actions against Volkswagen are simply statute-barred, and have been for a long time, since 2011. We have pointed this out.

Even the Plaintiff's announcement that there could be further proceedings, that he had some in reserve, has not materialized. The Effecten Spiegel action was only against PSE, not against Volkswagen AG. It is simply not plausible to assume that there could be further proceedings against Volkswagen AG.

**Kleybolte, Chairman:** We will think about this, if necessary. Only, the absolute statute of limitations has not expired; that is obvious for everyone here. The BGB sees that. It has by no means expired.

**Dr. Boese: Defendant's representative:** Do you mean the ten-year term pursuant Sec. 199? But there have been reports in the press about this process since 2009. At the very latest 2014 - -

**Kleybolte, Chairman:** We have dealt with cartel damage claims proceedings often enough, with mountains of press releases on searches, on everything you can think of, that we have analyzed under the law on the statute of limitations. We have also seen remanded cases from the Higher Regional Court (*Oberlandesgericht*) of Celle and from the BGH, and there is one thing I can tell you:  Simply referencing press releases is not particularly --, it's not enough.

**Dr. Boese, Defendant's representative:** …

**Kleybolte, Chairman**: Mr. Attorney [Dr. Boese], only, with those press releases, I do not want to diminish the press, diminish what the press does. Only, the statute of limitations is one thing and press releases are usually something else.

**Dr. Boese, Defendant's representative:** There is also case law there. The Higher Regional Court of Munich stated in 2007, when there is press coverage far and wide, the knowledge is there - at least grossly negligent lack of knowledge. That is already decided.

**Kleybolte, Chairman:** Perhaps one must always look at the underlying case. We regularly have the argument with cartel damage claims because press coverage regularly begins with searches conducted by the Federal Cartel Office [*Bundeskartellamt*]. So we have the same hassles every time and we have exhaustive reports in the press in the *Handelsblatt,* the *Frankfurter Allgemeinen* and every time we have…. And has it ever been enough? – No.

**Dr. Boese, Defendant's representative:** It was enough for the Higher Regional Court of Munich in 2007.

**Kleybolte, Chairman:** But now we are not sitting in Munich.

*(Amusement)*

Look, if you rely on press reports, you have to name the exact article, list the information and you have to do one more thing, in some form you also have to establish that the party in question, whose knowledge counts in the case, had known about this press release or could have taken note of it. This has to be presented to us in a plausible way, no more and no less.

We also know, and it has also happened to us before that somebody said… sat in the courtroom as a witness and got red in the face and said, we want to do it differently now. This has happened to us before. Only, I also really have to be aware of this fact. It is not enough to simply say it was in the press. It would be very bold if we were to base our decision on this.

Case 1:15-mc-00417-LAK   Document 39-2   Filed 01/22/16   Page 5 of 11

Hannover District Court 18 O 89/15 et al.  Hearing of December 8, 2015     Page 21

**Kleybolte, Chairman (continued)**: And with foreign plaintiffs, it is even more difficult to argue with the domestic press. I have no idea what is now being published where in detail. In any case, you cannot assume that the court is aware of these facts.

You both still wanted to have deadlines for giving statements?

**Dr. Meier, Defendant's representative**: Yes.

**Tilp, Plaintiff's representative**: I really just wanted to say two more sentences.

**Kleybolte, Chairman**:   I have just one request: If everyone just says two sentences to everyone else now, it will still be six o'clock.



# TRANSLATION CERTIFICATION

450 7th Avenue
10th Floor
New York, NY 10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

**County of New York**
**State of New York**

Date: January 20, 2016

To whom it may concern:

This is to certify that the attached translation from German into English is an accurate representation of the documents received by this office.

The documents are designated as:
- Pages 1, 3, and select portions of pages 20 and 21 of Hannover District Court 18 O 89/15 et al. Hearing of December 8, 2015

Austin Lowe, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Austin Lowe

WI-44, 6/25/2015, Rev 0

Accurate Translation Services 24/7

**18 O 333/14**

**18 O 89/15**

**18 O 96/15**

**18 O 175/15**

**Landgericht Hannover**

**18. Zivilkammer**

**ARFB Anlegerschutz UG u. a. ./. Porsche Automobil Holding SE u.a.**

**Mündliche Verhandlung am 8. Dezember 2015**

Stenografisches Wortprotokoll

Inhalt:                                                                                          Seite:

Erörterung der Sach- und Rechtslage............................................................................ 3

LG Hannover 18 O 89/15 u. a. Mündliche Verhandlung am 8. Dezember 2015 Seite 2

Beginn: 12 Uhr.

**Kleybolte, Vorsitzender:** Ich bitte alle Platz zu nehmen. Ich warte, bis alle sitzen. - Dann bitte ich das Filmen und Fotografieren einzustellen. Wenn Sie so freundlich wären, die Türen zu schließen.

Zunächst ein kleines technisches Problem - ich ziehe das vor die Klammer -, das nicht zwingend ins Protokoll gehört. Wir haben heute insgesamt vier Verfahren, in denen KapMuG-Anträge gestellt worden sind. Das bedeutet, wir werden vier Protokolle erstellen, wobei ich in den Protokollen jeweils zum Ausdruck bringen möchte, dass wir die drei parallelen Verfahren ebenfalls verhandelt haben, einfach nur um die Situation, so wie sie ist, und sie ist nun einmal so, zu dokumentieren.

Daraus ergibt sich natürlich nicht, dass jeder Akteneinsicht in jedem Verfahren hätte, nur zur Klarstellung, nur dass wir sie zusammen verhandelt haben und dass eine Verhandlung und Erörterung stattgefunden hat. Das würde ich zum Ausdruck bringen.

Wenn Bedenken dagegen bestünden, würde ich Sie bitten, das jetzt anzumelden, weil es die Fassung des Protokolls betrifft.

Ich habe Sie hierher gebeten zur Verhandlung über die KapMuG-Anträge, obwohl das vom Gesetz nicht geboten ist. Über diese Anträge kann ohne mündliche Verhandlung entschieden werden.

Ich habe das aus zwei Gründen gemacht. Zum einen weil es ein Zivilverfahren gibt und in diesem Zivilverfahren natürlich immer wieder Ergänzungen, Erwiderungen, neue Schriftsätze gekommen sind, ist es uns schwer gefallen, einen Punkt zu finden, zu dem wir allen rechtliches Gehör gewährt hatten und eine Entscheidung treffen könnten; das war kaum möglich. Deswegen haben wir letztlich gesagt, wir wählen eine mündliche Verhandlung, damit wir dann den Zeitpunkt haben, der es uns ermöglicht, allen rechtliches Gehör zu gewähren, und sei es auch in Form nachzureichender Schriftsätze, der uns dann in die Lage versetzt, umfassend eine Entscheidung zu treffen, ohne dass irgendjemand in seinen Rechten verletzt wird. Das ist der eine Grund.

Der zweite Grund: Die Sache hat ja auch einige Bedeutung, und von daher gibt es natürlich ein öffentliches Interesse. Von daher ist eine öffentliche Verhandlung sinnvoll.

Ich möchte zunächst einmal die Erschienenen jeweils in allen Protokollen aufnehmen.

**Protokollführerin:** Für alle gleich?

**Kleybolte, Vorsitzender:** Nein, die sind unterschiedlich, vor allen Dingen auf der Klägerseite.

**Protokollführerin:** Dann sagen Sie mir bitte die Aktenzeichen.

**Kleybolte, Vorsitzender:** Genau, das mache ich jetzt. Wir fangen an, einfach aufsteigend nach Eingang, mit dem Verfahren 18 O 333/14.

**Tränkner, Klägervertreter:** Für den Kläger Rechtsanwalt Tränkner und Rechtsanwältin Zorn.

**Kleybolte, Vorsitzender:** *Für den Kläger Rechtsanwalt Tränkner in Begleitung von Frau Rechtsanwältin Zorn.*

**Dr. Meier, Beklagtenvertreter:** Für die Beklagte der Chefsyndikus Dr. Manfred Döss und die Rechtsanwälte Dres. Nohlen, Hanfland und Meier.

**Kleybolte, Vorsitzender:** Dann haben wir als Nächstes das Verfahren 18 O 89/15.

**Tilp, Klägervertreter:** Das sind die Rechtsanwälte Tilp und Wegner für den Kläger.

**Kleybolte, Vorsitzender:** Und für die Beklagte zu 1 wie in dem vorgenannten Verfahren.

**Dr. Meier, Beklagtenvertreter:** Ja.

**Dr. Beddies, Beklagtenvertreter:** Für die Beklagte zu 2 Dr. Rosenmüller aus der Rechtsabteilung der Volkswagen AG und Rechtsanwälte Dr. Boese und Dr. Beddies

**Kleybolte, Vorsitzender:** *Rechtsanwälte Dr. Boese und Dr. Beddies in Begleitung des - -* Sagen Sie bitte noch einmal Ihre Funktion.

**Dr. Rosenmüller, Beklagtenvertreter:** Syndikus.

**Kleybolte, Vorsitzender:** *- - Syndikus der Beklagten zu 2, Dr. Rosenmüller.*

Dann haben wir das Verfahren 18 O 96/15.

**Tilp, Klägervertreter:** Das ist dieselbe Besetzung, Rechtsanwälte Tilp und Wegner. Ich vergaß zu erwähnen Herrn Olschewski als Stenograf.

KapMuG-Antrag steht; wenn die Voraussetzungen im Übrigen gegeben sind, dann muss man eben veröffentlichen. - Ich denke, dann erübrigt sich dazu eine Stellungnahme Ihrerseits.

**Tilp, Klägervertreter:** Nur zwei Sätze.

**Dr. Boese, Beklagtenvertreter:** Vielleicht darf ich kurz einhaken, bevor das Rederecht auf die andere Seite geht. - Ich weiß nicht, ob es eine Fehlvorstellung ist, aber Sie müssen nicht veröffentlichen, wenn Sie der Meinung sind, dass es noch weitere Klagen gegen Volkswagen geben könnte, um abzuwarten, ob die Klagen noch eintrudeln. Sie müssen jetzt die Prognoseentscheidung treffen, ist mit weiteren Verfahren gegen die Volkswagen AG noch zu rechnen, ja oder nein. Und dafür gibt es schlichtweg keine Anhaltspunkte.

§ 3 Abs. 1 Nr. 3 sagt, es muss eine Bedeutung für weitere Verfahren haben. Dafür muss es auch konkrete, plausible Anhaltspunkte geben. Kruis, § 3, Randnummer 72 kann man nachlesen. Die Anhaltspunkte sind schon deswegen nicht gegeben, weil alle Klagen gegen Volkswagen schlichtweg verjährt sind, seit langem, seit 2011 schon. Das haben wir dargelegt.

Selbst die Ankündigung des Klägers, dass es weitere Verfahren geben könnte, hätte er welche in petto, hat sich nicht realisiert. Die Effecten-Spiegel-Klage ging nur gegen die PSE, nicht gegen die Volkswagen AG. Es ist schlichtweg nicht plausibel anzunehmen, dass es noch weitere Verfahren gegen die Volkswagen AG geben könnte.

**Kleybolte, Vorsitzender:** Wir werden gegebenenfalls darüber nachdenken. Nur, die absolute Verjährungsschranke ist nicht gefallen, das ist uns allen klar. Das sieht das BGB. Die ist noch lange nicht gefallen.

**Dr. Boese: Beklagtenvertreter:** Sie meinen die zehnjährige Frist nach § 199? Aber seit 2009 wird in der Presse berichtet über diesen Vorgang. Aller spätestens 2014 - -

**Kleybolte, Vorsitzender:** Wir haben oft genug mit Kartellschadenersatzverfahren zu tun, mit Bergen von Presseveröffentlichungen über Durchsuchungen, über alles Mögliche, die wir verjährungsrechtlich ausgewertet haben, wir haben auch den Rücklauf vom Oberlandesgericht Celle und vom BGH gesehen, und ich kann Ihnen eins sagen: Der bloße Verweis auf Presseveröffentlichungen ist nicht sonderlich - -, der reicht nicht.

**Dr. Boese, Beklagtenvertreter:** …

**Kleybolte, Vorsitzender:** Herr Rechtsanwalt, nur, mit den Presseveröffentlichungen, ich will die Presse nicht, ich will das nicht geringschätzen, was die Presse macht. Nur, Verjährung ist das eine, Presseveröffentlichung in aller Regel das andere.

**Dr. Boese, Beklagtenvertreter:** Auch da gibt es Rechtsprechung. Das OLG München hat 2007 gesagt, wenn in der Presse groß und breit berichtet wird, hat man Kenntnis, jedenfalls grob fahrlässige Unkenntnis. Das ist schon entschieden.

**Kleybolte, Vorsitzender:** Man muss vielleicht immer den dahinter stehenden Fall sehen. Wir haben das Argument regelmäßig bei Kartellschadenersatzansprüchen, denn die Presseberichterstattung fängt regelmäßig mit der Durchsuchung durch das Bundeskartellamt an. So haben wir jedes Mal das ganze Theater und haben ausschweifende Presseberichterstattung im *Handelsblatt*, in der *Frankfurter Allgemeinen*, und haben jedes Mal … Und hat es ein Mal gereicht? - Nein.

**Dr. Boese, Beklagtenvertreter:** Beim OLG München 2007 hat es gereicht.

**Kleybolte, Vorsitzender:** Aber wir sitzen ja jetzt nicht in München.

(Heiterkeit)

Schauen Sie, wenn Sie sich auf Presseberichterstattung berufen, dann müssen Sie uns ganz konkret den Artikel nennen, die Informationen nennen, und Sie müssen ein Weiteres tun, Sie müssen außerdem in irgendeiner Form feststellen, dass der Betreffende, auf dessen Kenntnis es ankommt, von dieser Presseveröffentlichung Kenntnis genommen hat oder hätte Kenntnis nehmen können. Das muss uns zumindest plausibel gemacht werden, nicht mehr und nicht weniger.

Wir wissen auch und es ist uns auch schon passiert, dass jemand gesagt hat, … saß im Saal als Zeuge, es ist schriftsätzlich vorgetragen worden, saß im Saal als Zeuge, hat einen roten Kopf gekriegt und hat gesagt, wir wollen es jetzt doch anders machen. Das ist uns schon passiert. Nur, ich muss wirklich die Kenntnis auch haben. Es reicht nicht aus, einfach nur zu sagen, es stand in der Presse. Es wäre zumindest sehr mutig, wenn wir darauf eine Entscheidung stützen würden.

Und bei ausländischen Klägern ist es noch schwieriger, mit inländischer Presse zu argumentieren. Was jetzt wo im Einzelnen wann erschienen ist, da habe ich keinen Überblick. Als gerichtsbekannt können Sie es jedenfalls nicht voraussetzen.

Sie wollten beide noch Erklärungsfristen haben?

**Dr. Meier, Beklagtenvertreter:** Ja.

**Tilp, Klägervertreter:** Ich wollte wirklich nur noch zwei Sätze sagen.

**Kleybolte, Vorsitzender:** Ich habe nur eine Bitte: Wenn jetzt jeder zu jedem immer nur zwei Sätze sagt, wird es trotzdem sechs Uhr.

**Tilp, Klägervertreter:** Zur Frage des Organisationsverschuldens. Es ist richtig, dass wir ein Gutachten von Schwintowski hier vorgelegt haben als Rechtsgutachten. Es ist aber auch richtig, dass die von Ihnen zitierten Aufsätze von Buck-Heeb und Koch ausweislich der Fußnoten auf Anfragen aus der Praxis zurückgehen. Ich gebe mal davon aus, dass die Praxis auf dieser Seite sitzt. Vom BGH entschieden ist es jedenfalls nicht, die Fragen, die hier aufgeworfen worden sind. Das findet sich auch so in der Anmerkung von Buck-Heeb.

Das Zweite. Ich wollte noch eine Auslegungsregel formulieren zum KapMuG, von der ich überzeugt bin. Sie, Herr Vorsitzender, haben einige Dinge gesagt, die ich in die Richtung auch verstanden habe, als Sie die Frage eventueller Rechtsbehelfe angesprochen haben.

Sowohl die Verwerfung eines Musterverfahrensantrags als auch die Stattgabe sind unanfechtbar. Aber eines ist nicht unanfechtbar, nämlich danach, also nach dem Erlass des Vorlagebeschlusses, der ja sehr knapp ausfallen kann, wenn man sich die Praxis anschaut, das sind dann Tatbestände von maximal zehn Zeilen teilweise, aber nach dem Vorlagebeschluss kann der, dessen Verfahren ausgesetzt wird, nach § 252 das Oberlandesgericht Celle anrufen.

Das heißt, daraus leite ich ab eine Regel, die ich so formulieren würde: Im Zweifel geht das Landgericht den Weg des KapMuG, weil es den Betroffenen nicht rechtlos stellt. Es würde, wenn es im Zweifel nicht ins KapMuG geht, den Kläger rechtlos stellen, denn er hat dann keinen Rechtsbehelf. Während hingegen, wenn es den Weg geht, das Oberlandesgericht seine Entscheidung sowohl hinsichtlich des Ob als auch der Reichwei-

te nach korrigieren kann. Das wollte ich einfach nur mal als These in den Raum werfen, wenn ich darf.

**Kleybolte, Vorsitzender:** Dann - -

**Dr. Meier, Beklagtenvertreter:** Das ist nicht erwiderungsbedürftig.

In dem Verfahren Effecten-Spiegel - -

**Kleybolte, Vorsitzender:** Rechtsanwalt Dr. Meier und Rechtsanwalt Dr. Beddies beantragen - - Das ist das Verfahren - -

**Dr. Meier, Beklagtenvertreter:** 175/15.

**Caesar, Beisitzer:** 175/15 ist aber nicht Herr Dr. Beddies.

**Kleybolte, Vorsitzender:** Nein. Die Klagerweiterung - -

**Caesar, Beisitzer:** Klagerweiterung haben wir in mehreren Verfahren.

**Dr. Meier, Beklagtenvertreter:** Ich würde mit dem Verfahren Effecten-Spiegel anfangen. Die Replik, das waren etwa vier Monate. Jetzt haben wir die Weihnachtszeit vor uns. Da würden wir gern Schriftsatznachlass bis zum 31.03.2016 haben.

**Caesar, Beisitzer:** Auf die Klagerweiterung speziell?

**Dr. Meier, Beklagtenvertreter:** Beim Verfahren Effecten-Spiegel ist es Schriftsatz vom 30. November, glaube ich. - Datum vom 24. November.

**Kleybolte, Vorsitzender:** Das bringt uns voraussichtlich in Probleme.

**Dr. Meier, Beklagtenvertreter:** Schauen Sie - -

**Kleybolte, Vorsitzender:** Nein, nein. Die müssen gelöst werden, aber ich darf auch sagen, sie sind da.

**Protokollführerin:** Wir sind im Verfahren 175/15?

**Kleybolte, Vorsitzender:** Genau.

**Protokollführerin:** Rechtsanwalt Dr. Meier beantragte Schriftsatznachlass auf den Schriftsatz vom 30.11.2015.