Search

| Name | Part | Information | Date of publication |
|---|---|---|---|
| District Court Frankfurt am Main | Judicial | Decision<br>2-12 OH 4/13<br>Barclays Bank PLC | 10/04/2013 |

---

District Court Frankfurt am Main<br>12th Civil Chamber

Frankfurt am Main, 09/27/2103

Docket No.: 2-12 OH 4/13

**Please include the above
docket number on all submissions**



Decision

**In the legal dispute**

Daniel Höge, Planegger Strasse 41, 82131 Gauting

Plaintiff,

Represented by:
PIA ProtectinvestAlliance Rechtsanwaltsgesellschaft mbH Einhornstrasse 21, 72138 Kirchentellinsfurt,

versus

Barclays Bank PLC, 1 Churchill Place, GB-London E14 5 HP,

Defendant,

Represented by:
Attorneys at Law Linklaters, Mainzer Landstrasse 16, 60325 Frankfurt am Main,
Reference: L-166218 KS

The 12th Civil Chamber of the District Court Frankfurt am Main, through presiding District Court Judge Dr. Klinger, District Court Judge Schmid and District Court Judge Distler, ruled on 09/27/2013:

> The following establishment objectives for the purpose of issuing a model decision pursuant to Sec. 6 (1) KapMuG [*Kapitalanleger-Musterverfahrensgesetz* / Capital Market Investors' Model Case Law] are submitted to the Higher Regional Court of Frankfurt am Main:

5.  The application for establishing a model case is also admissible because the decision of the underlying legal dispute depends on the claimed establishment objectives (Sec. 3 KapMuG).

    According to the reasoning of the proposed legislation (*Bundestag* document 17/8799, p. 20), the issue of dependency has to be assessed in an abstract manner: it is enough if there is a sufficient degree of probability that the decision in the legal dispute may depend on the establishment objectives. It is not necessary for the decision to depend solely on the establishment objectives once all other eligibility requirements and legal issues have been clarified. In this respect, being ready for decision is not a prerequisite for making the submission. Against this background, it is also irrelevant whether the Plaintiffs are actually the current claimants. In any case, the claim to be the owners of corresponding certificates suffices; submission of the documents is irrelevant (see also BGH decision 05/14/2013, docket no. XI ZR 160/12, WM 2013, 1264). Whether the individual eligibility requirements have actually been met can also be examined under application of the amended KapMuG after execution of the model case (*Bundestag* document 17/8799, p. 18).

    Nor does it have to be examined in the preliminary ruling procedure whether the capital market information was the main reason for the damage incurred or whether any claims are statute-barred.



# TRANSLATION CERTIFICATION

450 7th Avenue
10th Floor
New York, NY 10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

County of New York
State of New York

Date: January 22, 2016

To whom it may concern:

This is to certify that the attached translation from German into English is an accurate representation of the appointed sections of the documents received by this office.

The document is designated as:
- Beschluss LG Frankfurt (002) (002) – Introduction (Page 1) and Section 5 (Page 6)

Riley Russell, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Riley Russell

Suchen

| Name | Bereich | Information | V.-Datum |
|---|---|---|---|
| Landgericht Frankfurt am Main | Gerichtlicher Teil | Beschluss<br>2-12 OH 4/13<br>Barclays Bank PLC | 04.10.2013 |

Landgericht Frankfurt am Main
12. Zivilkammer

Frankfurt am Main, 27.09.2013

**Aktenzeichen:** 2-12 OH 4/13

**Es wird gebeten,
bei allen Eingaben das
vorstehende Aktenzeichen anzugeben**



Beschluss

**In dem Rechtsstreit**

Daniel Höge, Planegger Str. 41, 82131 Gauting,

Kläger,

Prozessbevollmächtigte:
PIA ProtectinvestAlliance Rechtsanwaltsgesellschaft mbH Einhornstraße 21, 72138 Kirchentellinsfurt,

gegen

Barclays Bank PLC, 1 Churchill Place, GB-London E14 5 HP,

Beklagte,

Prozessbevollmächtigte:
Rechtsanwälte Linklaters, Mainzer Landstraße 16, 60325 Frankfurt am Main,
Geschäftszeichen: L-166218 KS

hat die 12. Zivilkammer des Landgerichts Frankfurt am Main durch die Vorsitzende Richterin am Landgericht Dr. Klinger, die Richterin am Landgericht Schmid und die Richterin am Landgericht Distler am 27.09.2013 beschlossen:

Dem Oberlandesgericht Frankfurt am Main werden folgende Feststellungsziele zum Zwecke eines Musterentscheids gemäß § 6 Abs. 1 KapMuG vorgelegt:

1. Es wird festgestellt, dass zwischen den Erwerbern der Schuldverschreibungen „50.000 Index Linked Redemption Certificates" (WKN BC0BMA / ISIN DE000BC0BMA7) - nachfolgend: Schuldverschreibungen - und der Beklagten ein Vertrag „sui generis" zustande kam, die Erwerber der Schuldverschreibungen somit Vertragspartner der Beklagten wurden.

2. Es wird festgestellt, dass Ansprüche aus Verletzungen von Pflichten aus dem Vertrag sui generis den § 311 Abs. 2 Nr. 1-3 BGB und/oder § 280 Abs. 1 S. 1 BGB unterfallen.

3. Es wird festgestellt, dass das Konditionenblatt Nr. 31 vom 20. Dezember 2005 (geändert und neugefasst am 20.02.2006), einschließlich der Anhänge zum Konditionenblatt mit den Anleihebedingungen der Beklagten zu den Schuldverschreibungen „50,000 Index Linked Redemption Certificates", WKN BC0BMAI / ISIN DE000BCOBMA7 (nachfolgend: Konditionenblatt), einzeln und / oder kumulativ unrichtige und / oder unvollständige Angaben durch folgende Aussagen enthält:

    a) Der X1 Global Referenzindex spiegelt die Wertentwicklung eines Portfolios von Hedgefonds [wider], welches durch X1 Fund Allocation GmbH, Hamburg, errichtet wurde und von ihr verwaltet und unterhalten wird.

Beklagten. Ihr Einwand, das Verfahren sei schon deswegen nicht statthaft, weil die Verwendung der Anleihebedingungen selbst keine Pflichtverletzung darstellen könne, weil sie für das zwischen den Parteien bestehende Schuldverhältnis konstitutiv seien, greift daher nicht.

4. Die Kammer hat von einer Veröffentlichung des Musterverfahrensantrags nach § 3 Abs. 2, Abs. 4 KapMuG abgesehen, da die Voraussetzungen für eine Vorlage an das Oberlandesgericht Frankfurt am Main nach § 6 Abs. 1 S. 1 KapMuG bereits vorliegen. Es liegen 9 weitere gleichgerichtete Musterverfahrensanträge vor:

2/12 O 419/12,
2/12 O 422/12,
2/12 O 423/12,
2/12 O 428/12,
2/12 O 430/12,
2/12 O 244/13,
2/12 O 356/13,
2/12 O 355/13,
2/12 O 357/13,
2/12 O 359/13.

5. Der Musterverfahrensantrag ist auch zulässig, denn die Entscheidung des zugrunde liegenden Rechtsstreits hängt von den geltend gemachten Feststellungszielen ab (§ 3 KapMuG).

Nach der Begründung zum Gesetzesentwurf (Bt. Drucksache 17/8799, S. 20) ist die Abhängigkeit abstrakt zu beurteilen; es genügt, wenn die Entscheidung des Rechtsstreits von den Feststellungszielen mit hinreichender Wahrscheinlichkeit abhängen kann. Nicht erforderlich ist es, dass die Entscheidung nach Klärung sämtlicher übrigen Anspruchsvoraussetzungen und Rechtsfragen nur noch von den Feststellungszielen abhängt. Insoweit ist Entscheidungsreife keine Voraussetzung für die Vorlage. Vor diesem Hintergrund kommt es auch nicht darauf an, ob die Kläger zum heutigen Zeitpunkt tatsächlich Anspruchsinhaber sind. In jedem Fall genügt die Behauptung, Inhaber entsprechender Zertifikate zu sein; auf die Vorlage der Urkunde kommt es nicht an (s.a. BGH Urteil vom 14.05.2013, Az. XI ZR 160/12, WM 2013, 1264). Die Prüfung, ob die individuellen Anspruchsvoraussetzungen tatsächlich vorliegen, kann auch unter Geltung des geänderten KapMuG nach Durchführung des Musterverfahrens erfolgen (Bt. Drcks. 17/8799, S. 18).

Ebensowenig ist im Vorlageverfahren zu prüfen, ob die Kapitalmarktinformation im Einzelfall ursächlich für den eingetretenen Schaden war oder etwaige Ansprüche verjährt sind.

6. Zu den Feststellungszielen im Einzelnen:

(1) Durch Musterverfahrensantrag kann nach § 2 KapMuG die Feststellung des Vorliegens oder Nichtvorliegens anspruchsbegründender oder anspruchsausschließender Voraussetzungen oder die Klärung von Rechtsfragen (Feststellungsziele) begehrt werden (1. Feststellungsziel).

Damit können abstrakte Rechtsfragen, wie das Bestehen eines Vertrags sui generis zwischen den Parteien, grundsätzlich Gegenstand des KapMuG-Verfahrens sein.

Es steht nicht fest, dass die Forderung der Kläger nicht von diesem Feststellungsziel abhängt (§ 3 Abs. 1 Nr. 1 KapMuG).

Grundlage der wertpapierrechtlichen Verpflichtung des Emittenten bildet nach der heute vorherrschenden modifizierten Vertragstheorie (Rechtsscheintheorie) neben der Ausfertigung der Urkunde als Skripturakt ein Begebungsvertrag zwischen Aussteller und erstem Gläubiger. Inhalt des schuldrechtlich-dinglichen Begebungsvertrages ist neben der schuldrechtlichen Verpflichtung des Ausstellers die Übereignung des Papiers an den ersten Nehmer (BGH Urteil vom 14.05.2013, Az. XI ZR 160/12, WM 2013, 1264, Rz 9). Rechte und Pflichten aus und im Zusammenhang mit dem Begebungsvertrag sind im BGB nur unzureichend kodifiziert. Regelungen, die die Rechte von Zweiterwerbern regeln, fehlen. Vor diesem Hintergrund erachtet die Kammer die Feststellung eines Vertrags zwischen den Klägern und der Beklagten im Rahmen des KapMuG-Verfahrens als zulässiges Feststellungsziel, zumal die Beklagte einerseits vertragliche Bindungen zu den Klägern, die über die Bereitstellung einer „Verpackung" für die Zertifikate hinaus gehen, in Abrede stellen, während sie sich freilich andererseits darauf beruft, in Erfüllung vorvertraglicher Verpflichtungen eine Due Diligence durchgeführt zu haben.

(2) Soweit die Kläger die Feststellung begehren, dass Ansprüche aus Verletzungen von Pflichten aus dem Vertrag sui generis den § 311 Abs. 2 Nr. 1 - 3 BGB und/oder § 280 Abs. 1 S. 1 BGB unterfallen (2. Feststellungsziel) oder der Anwendungsbereich des § 311a BGB eröffnet ist (15. Feststellungsziel), handelt es sich zwar um eine im Grundsatz nicht klärungsbedürftige Frage, weil diese Vorschriften für alle schuldrechtlichen Verträge gelten. Die Kammer wertet den Antrag jedoch im Zusammenhang mit den unter 3., 4. und 5. des Beschlusstenors genannten Feststellungszielen als Antrag auf Bestimmung der der Beklagten als Emittentin gegenüber den Anlegern obliegenden Pflichten, die ihren Niederschlag in der angegriffenen Kapitalmarktinformation gefunden haben.

Zwar stützten sich die Kläger zur Begründung ihres Anspruchs nicht auf eine Sachverhaltsgestaltung wie sie bisher typisch für Musterverfahren nach dem KapMuG war. Ihre Forderung basiert vielmehr primär auf dem Vorwurf der Verletzung vorvertraglicher Verpflichtungen, die sich in – falschen – Kapitalmarktinformationen manifestiert haben.

Hierdurch ist jedoch der erforderliche Bezug des Verfahrens zu Kapitalmarktinformation hergestellt (s.a. OLG München, Beschluss vom 27.08.2013, Az. 19 U 5140/12).