# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re Ex Parte Application of Porsche Automobil
Holding SE for an Order Pursuant to 28 U.S.C.
§ 1782 Granting Leave to Obtain Discovery for
Use in Foreign Proceedings.

Case No. 1:15-mc-00417-P1

### SUPPLEMENTAL DECLARATION OF DR. MARKUS MEIER IN SUPPORT OF
### PETITIONER PORSCHE AUTOMOBIL HOLDING SE'S CROSS-MOTION TO
### COMPEL DISCOVERY FROM RESPONDENTS AND IN
### OPPOSITION TO RESPONDENTS' MOTION TO VACATE OR QUASH

DR. MARKUS MEIER declares the following under penalty of perjury pursuant

to 28 U.S.C. § 1746:

1.      I am a partner with the law firm of Hengeler Mueller Partnerschaft von

Rechtsanwälten mbB ("Hengeler Mueller") in Frankfurt am Main, Germany.  Hengeler Mueller

is counsel for Porsche Automobil Holding SE ("PSE") in legal proceedings captioned *Effecten-*

*Spiegel, et al.* v. *Porsche Automobil Holding SE*, Dkt. No. 18 O 175/15, currently pending in the

German Regional Court of Hanover (the "German Action").  I am licensed to practice law in

Germany.

2.      I make this supplemental declaration in support of PSE's Cross Motion to

Compel Discovery from Respondents and Opposition to Respondent's Motion to Vacate or

Quash.  Except as otherwise indicated, all statements in this Declaration are based upon my

personal knowledge and experience, or upon my review of records maintained by Hengeler

Mueller in the regular course of its representation of PSE.

3.      On December 22, 2015, I submitted to this Court a declaration in support

of the *ex parte* application of PSE for an order pursuant to 28 U.S.C. § 1782 granting it leave to

obtain discovery for use in foreign proceedings (the "December 22 Declaration").  (Dkt. 3-29.) In that declaration, I described (i) the relevant parties to the German Action; (ii) PSE's investment in Volkswagen AG ("VW"); (iii) court proceedings, regulatory investigations, and criminal actions involving PSE; and (iv) the German Action, including the claims and defense, the German law on the statute-of-limitations defense, PSE's need for additional discovery, and the German Courts' receptivity to information obtained pursuant to 28 U.S.C. § 1782.

4.      I have read the Respondents' Motion to Vacate papers, including the Declaration of Andreas W. Tilp (Dkt. 39.)  I submit this supplemental declaration in order to clarify certain inaccuracies in his submission, and to explain further the procedural posture of the German Action, why the German Court cannot compel discovery from Respondents in the U.S. who are not plaintiffs in the German Action, and why discovery relevant to PSE's statute-of-limitations defense is needed in advance of a March submission deadline and an April hearing designated for the announcement of a decision by the Regional Court of Hanover.

**The Model Case**

5.      In my December 22 Declaration, I explained that in their November 24, 2015 submission, the German Plaintiffs responded to PSE's statute-of-limitations defense and had earlier applied for proceedings under the "German Act on Model Case Proceedings in Disputes Regarding Capital Market Information" (the "Model Case Act") (Dkt. 3-29 ¶ 21).  This procedure allows a Higher Regional Court to decide factual and legal actions that are common to multiple cases.  While there are multiple cases in the German Action alleging substantially similar claims and proceeding on a coordinated briefing schedule, they will not be consolidated for a single trial on common issues unless and until the Regional Court of Hanover determines that they are appropriate for Model Case treatment.  If the Regional Court of Hanover does grant

the application, the German Action and other similar actions will be stayed pending resolution of the Model Case.

6.     I would like to clarify Mr. Tilp's description of proceedings under the Model Case Act.  (*See* Tilp ¶¶ 10-14.)  In Paragraph 10 of Mr. Tilp's declaration, Mr. Tilp uses the term "trial" to describe the process of how the model case proceeds.  Though technically correct, the use of the term "trial" implies that a German case is divided up into a pre-trial and a trial phase.  In fact, no such distinction exists under German law.  Instead, the German civil proceedings are based on briefs exchanged and submitted to the presiding court.  The court assesses both procedural issues and merits questions at any stage in the proceeding.  For example, and most relevant here, the German court can consider PSE's statute-of-limitations defense from the beginning of the case.  If the court considers PSE's statute-of-limitations defense to be valid, it can dismiss the case at the end of the first hearing or any hearing thereafter.  The earlier a party submits substantive evidence supporting its claim, the quicker it will get a resolution on the merits, notwithstanding whether other procedural issues have been resolved.

**The December 8, 2015 Hearing**

7.     As explained in my December 22 Declaration, PSE submitted a large number of publicly-available reports about various legal proceedings and investigations against PSE in connection with PSE's investments in VW.  (Dkt. 3-29 ¶ 25.)  German Plaintiffs responded on November 24, 2015, addressing PSE's statute-of-limitations defense in a single page.  In this response, German Plaintiffs did not argue that they lacked knowledge of the circumstances supporting their claims prior to December 31, 2011.  Instead, they merely—and tellingly—argued that they could not have had knowledge of facts that PSE claims do not exist.  Indeed, in their November 24 submission, German Plaintiffs argued that "[t]he circumstances

giving rise to the claims are still until today disputed by [PSE] almost in their entirety. Moreover, [PSE] itself points to the fact that the civil court rulings rendered so far with regard to this issue all denied the claims which have been derived from the 'circumstances in dispute' . . . . Against this background, there was clearly no sufficient knowledge or grossly negligent ignorance of plaintiffs 'at least since 2011.'"

8.      In my December 22 Declaration, I explained that the Regional Court of Hanover expressed the opinion, at a hearing on December 8, 2015, that to succeed on its statute-of-limitations defense in the German Action, it is not sufficient for PSE to present publicly-available news reports concerning the allegations, investigations, and legal proceedings against PSE. Instead, the court indicated that PSE likely will need to establish that specific articles or other documents or information came to German Plaintiffs' attention and alerted them to their potential claims on or before December 31, 2011. (Dkt. 3-29 ¶ 22.) The court's consideration is not limited to the fact that German Plaintiffs received publicly-available news reports, however—the court could consider any evidence showing that German Plaintiffs were aware of the circumstances supporting their legal claims prior to December 31, 2011.

9.      I understand that Mr. Tilp disagrees with my characterization of the Hanover Regional Court's opinion. (Tilp. Dec. ¶ 20.)[1] But Mr. Tilp himself admits that Judge Kleybolte expressed skepticism that publicly available documents on their own will allow PSE to establish a statute-of-limitations defense in the German Action. (Tilp. Dec. ¶ 34.) According to Mr. Tilp, Judge Kleybolte indicated at the December 8, 2015 hearing that "[w]e regularly have the [statute of limitations] argument with cartel damage claims because press coverage regularly

---

[1]      Contrary to Mr. Tilp's assertion, that "[c]ounsel for [PSE], Dr. Meier, declined to share the cost of producing the transcript," of the December 8, 2015 hearing (Tilp. Dec. ¶ 19), Mr. Tilp never made any such offer.

begins with searches conducted by the Federal Cartel Office [*Bundeskartellamt*].  So we have the same hassles every time and we have exhaustive reports in the press in the *Handelsblatt*, the *Frankfurter Allgemeinen* . . . .  And has it ever been enough? –No."  (*Id.*)

          10.     Nor does Mr. Tilp ever indicate that PSE will be able to obtain through German procedure additional documents establishing that the German Plaintiffs were actually aware of the basis of their claims prior to December 31, 2011.  In fact, he correctly states that such documents are available to PSE only if it can identify "the[ir] date, author, title and contents."  (*Id.* at ¶ 28.)  To get the German court to order the production of documents, PSE must name (i) the exact article or document; (ii) information contained therein; (iii) the specific individual or entity who possessed a document; and (iv) describe with specificity where and when the individual or entity named read or otherwise became aware of the document.  Based on the information currently available to PSE, PSE cannot satisfy all of these requirements because it cannot specifically describe where and when each German Plaintiff read or became aware of the document.  Moreover, as described more fully below, PSE would not be able to question or interrogate Plaintiffs or their representatives in the German court based on the general allegation that the manager must have heard or read or discussed an article—PSE would need to be able to demonstrate, for example, that the manager received the article and on what date the manager received the article.  Thus, German Procedural rules do not allow PSE to obtain information it needs.  Through its 1782 petition, PSE is seeking to supplement the discovery available to it in Germany.  PSE is in need of discovery pursuant to 28 U.S.C. § 1782 to obtain documents or testimony establishing when German Plaintiffs became aware of the facts they claim form the basis of their claims.

11.     At the December 8 hearing, the Hanover Regional Court stated that it expects to render a decision on the German Plaintiffs' Model Case Act application on April 13, 2016, and that it was inclined to make a ruling in favor of proceeding under the Model Case Act. However, the court is *not* limited to ruling only on this issue.  The court is free to make any decision it deems appropriate at that time, including, among other possibilities, dismissal of the case, a decision on the statute-of-limitations defense against some or all plaintiffs, expressing its preliminary view on certain issues of the case and inviting the parties to comment, or simply scheduling a further date for a hearing.

12.     The parties asked the Hanover Regional Court to authorize further submissions on, *inter alia*, PSE's statute-of-limitations defense and the Model Case Act application, and the court granted this request.  PSE's submission is due on March 15, 2016. What the court will decide on April 13, 2016 will be very much influenced by the further submissions of the parties.

13.     Thus, contrary to the views of Mr. Tilp, the decision on whether to proceed under the Model Case Act is not "[t]he only ruling" which should be expected during the hearing on April 13, 2016.  (Tilp Decl. ¶ 22.)  The court may rule on this issue because the German Plaintiffs submitted a motion, but not because the Regional Court of Hanover is limited on the issues about which it can rule.  And indeed, the official minutes of the December 8 hearing, which are being submitted to this Court as Exhibit B to the Supplemental Declaration of Robert J. Giuffra, Jr., dated January 25, 2016, state that the Regional Court will issue a "decision on remaining matters" on April 13.  At any rate, Judge Kleybolte has the option to dismiss Plaintiffs' claims against PSE for billions of euros in damages because the German court has the obligation to consider PSE's statute-of-limitations defense under § 300 of the German Code for

Civil Proceedings, which charges courts with the responsibility to render a final judgment of a case if it is ripe.  And if PSE obtains information to convince the Regional Court of Hanover that the statute-of-limitations defense is valid, the case is therefore ripe, as there is nothing left for the court to examine, and the case must be dismissed.

14.    In fact, the Regional Court of Hanover would likely consider the statute-of-limitations issue *even if* it intended to limit its decision to whether it was appropriate to proceed under the Model Case Act.  An application to proceed under the Act must be denied as to disputes whose resolution will not depend on common issues of fact and law.  And, as Mr. Tilp concedes, "the statute of limitations defense is an individual issue that is not appropriate for determination in a model case." (Tilp Decl. ¶ 22.)  Thus, even if the Regional Court of Hanover does not issue a final ruling on PSE's statute-of-limitations defense on April 13, the presentation of evidence supporting PSE's statute-of-limitations defense would still demonstrate Respondents' claims are dependent on the "individual issue" of the statute of limitations and are therefore not appropriate for consolidated treatment under the Model Case Act.  Without even considering the implications to a potential model case, the purpose of a statute of limitations is to prevent any litigation of claims brought too far after the alleged harm, and establishing that the German Plaintiffs' claims are time-barred would allow the Regional Court to avoid any further consideration of the merits of those claims.

15.    Moreover, the Regional Court of Hanover discussed defendants' statute-of-limitations defense as an argument that could prevent the court from making a decision in favor of a model case proceeding.  As Exhibit 2 to the Declaration of Andreas W. Tilp shows, counsel for VW, which is defendant in one of the ARFB litigations, argued that "all actions against Volkswagen are simply statute-barred . . . ." (Tilp Decl. Ex. 2 at 20).  Therefore, the

application for the model case proceeding would be inadmissible pursuant to Sec. 3 of the Model Case Act.  (*Id.*)  Judge Kleybolte responded "We will think about this, if necessary" (*id.*) before embarking on his statements what a party needs to present to the court for a statute-of-limitation defense to become valid.  This confirms Porsche's statement that a valid statute-of-limitations defense could effectively avoid a ruling of the Regional Court of Hanover in favor of a model case proceeding.

16.     However, if PSE is unable to present sufficient evidence to Judge Kleybolte, the court is likely to grant the model case applications.  This will lead to a Model Case Act proceeding before the Higher Regional court. Only after the Model Case Act proceedings are resolved—which is likely to take two or more years —will the individual cases be taken up again at the lower court level for resolution.  This time-consuming process does not even take into account any appeals at either the model case or the individual case stage. Obtaining supporting evidence through § 1782 at this time will therefore save PSE, the German court system, and even German Plaintiffs a minimum of two years and the significant litigation costs associated with all of these proceedings.

17.     This underscores PSE's critical need for the documents and information for use in its March 15, 2016 submission.  PSE cannot realistically ask for a meaningful extension of this deadline and without including this additional discovery in the March submission, PSE would incur significant litigation costs defending against baseless allegations.

**Fact Gathering Under German Law**

*Available Discovery to Parties*

18.    As described above, only if documents are precisely described by date, author and content would a court order the other party to produce those documents.  Currently, PSE is unable to specifically describe documents Plaintiffs might have created, received or read with respect to the circumstances giving rise to their alleged claims against PSE.

19.    The same specificity requirement applies for witness testimony.  A court will only order a witness to appear in court and testify if the requesting party states when, with whom, where and what a witness discussed with other parties (or read) with respect to the circumstances giving rise to alleged claims against PSE.  However, despite the availability of witness testimony at a hearing or formal court proceeding, pre-trial depositions are not available under German law.  And a German court will call a witness to appear in court and testify on the statute-of-limitations issue *only* if PSE can provide specific details with respect to the relevance of that person's testimony.  Because PSE cannot provide these details in the absence of further information, PSE is in need of discovery pursuant to § 1782.  It is important to note that PSE's statute-of-limitations defense can be demonstrated through means other than the German Plaintiffs' awareness of public information—for example, internal discussions evidencing awareness of the circumstances supporting their allegations against PSE would also support the defense.  While this information could be obtained through a U.S.-style deposition, it would be nearly impossible to identify with enough specificity in a court in Germany.

*The German Court's Receptivity to Discovery Obtained in the United States*

20.    While, as Mr. Tilp notes, the court in the German Action has not specifically authorized PSE to seek discovery pursuant to 28 U.S.C. § 1782 (Tilp. Decl. ¶ 27), the court has never expressed any reticence to consider discovery obtained pursuant to this

statue. Furthermore, there is every reason to believe that the court would welcome such discovery. *See* Gerhard Wagner, *Document Production by Third Parties:  German Law and American Discovery*, (Mohr Siebeck GmbH & Co. 2009) ("[I]it is inconceivable that information and evidence would have to be subject to exclusion solely for having been obtained with the assistance of an American court.")

21.    I have personal experience with cases in which evidence obtained pursuant to 28 U.S.C § 1782 was accepted by a German court.  For example, I was litigation counsel to a defendant in proceedings before the Higher Regional Court in Munich.  In those proceedings, the plaintiff made assertions regarding the content of contract negotiations with a U.S. corporation. Through documents produced by that U.S. corporation in compliance with a court order pursuant to section 28 U.S.C § 1782, I was able to successfully defend against plaintiff's allegations in German court, and the Higher Regional Court in Munich accepted the documents obtained pursuant to 28 U.S.C § 1782 as evidence without discussion.

### Powers of the German Court

22.    I understand that Respondents have claimed that, even though all but one of the Respondents are not parties to the German Litigation, that there is no indication that "the evidence [PSE] seeks" from Respondents "is beyond the jurisdictional reach of the Regional Court of Hanover."  (Resps.' Mem. at 9.)  This is inaccurate, since the German Court has no authority to compel directly the U.S.-based nonparties to produce relevant information.  First, Respondents do not claim that the documents and testimony PSE seeks from the Respondents who are not parties to the German Action are in the possession or control of German Plaintiffs such that the Regional Court of Hanover could compel the German Plaintiffs to produce them. Moreover, as to the Respondents who are not parties to the German Action, the Regional Court

of Hanover could not compel them to comply with a discovery order and would treat them as any other third-party to the action.  To compel a U.S.-based third party to comply with a discovery order, a German Court must make a request through the protocols of the Hague Convention.

**PSE Has Already Provided the German Court With Facts Relevant to the Plaintiffs' Allegations**

23.     I understand that Respondents and Mr. Tilp have claimed that, in *ARFB Anlegerschutz UG* v. *Porsche Automobil Holding S.E.*, Docket No. 18 O 96/15l and *ARFB Anlegerschutz UG* v. *Porsche Automobil Holding S.E. and Volkswagen AG*, Docket No. 18 O 89/15, PSE declined a request from the Regional Court of Braunschweig, to produce the July 23, 2008 resolution of PSE's Supervisory Board (the "July 2008 Resolution") (Resps.' Mem. at 23-24; Tilp. Decl. ¶ 38).  This is inaccurate.  Rather, the presiding judge stated that it could be helpful if PSE provided this document.  Because German law requires that the meeting minutes containing the July 2008 Resolution be kept confidential, PSE briefed the court and the other parties on the facts considered relevant by the Braunschweig Court.  The Braunschweig court clearly accepted PSE's response.

24.     Likewise, it is inaccurate for Mr. Tilp to claim that PSE declined to respond to questions posed by the Braunschweig Court in *Elliot Associates* v. *Porsche Automobil Holding SE*, Docket No. 5 0 552/12, including those concerning the July 2008 resolution.  (Tilp Decl. ¶ 39.)  In fact, PSE fully briefed the Court and plaintiffs on all relevant facts known to it at the time.  Neither the Braunschweig court nor the Hanover court now handling this case has criticized PSE on its responses.

25.     Moreover, PSE has already provided German Plaintiffs with information concerning the contents of certain of the requested documents, including the PSE Management

Board resolutions of March 3 and October 26, 2008 and the PSE Supervisory Board resolutions of July 23, 2008.

**Clarification of PSE's Statue of Limitations Defense**

        26.    I understand that Mr. Tilp claims that "[i]t is important for this court to understand" that PSE's "statute of limitations defense is, in effect, that in 2008 to 2011 the plaintiffs in the German Action knew or were grossly negligent in not knowing about facts [PSE] claims do not exist." (Tilp. Dec. ¶ 30.) Unless the German Plaintiffs are prosecuting the German Action in bad faith, then they must believe that they have a factual basis for the claims asserted therein. Thus, the fact that PSE believes that it is correct on the merits—*i.e.*, that PSE did not make false claims with respect to its VW-related investments—does not mean that German Plaintiffs were unaware of the circumstances giving rise to the claims they now allege. PSE has brought this application under 28 U.S.C. § 1782 in order to obtain documents and information unavailable under the German Laws of procedure that show when the German Plaintiffs became aware of the facts that form the basis of their claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 25, 2016.

_____
Dr. Markus Meier