# Exhibit K

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In re Porsche Automobil Holding SE | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   15 MISC 0417 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Marble Arch Investments, LP
645 Madison Avenue, 17th Floor, New York, NY  10022
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Notice of Rule 30(b)(6) Deposition

| Place: Sullivan & Cromwell, LLP<br>125 Broad Street<br>New York, New York  10004 | Date and Time:<br>January 19, 2016 |
|---|---|

The deposition will be recorded by this method:   Stenographer and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/30/2015

*CLERK OF COURT*                                              OR   *[signature]*

_____                                    _____
*Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Porsche Automobil Holding SE                                               , who issues or requests this subpoena, are:

Robert J. Giuffra, Jr., Sullivan & Cromwell, LLP, 125 Broad Street, New York, New York  10004; giuffrar@sullcrom.com; 212 558 4000.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15 MISC 0417

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 50.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                       _____
                                                        *Printed name and title*

                                       _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

Served: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Subpoena to Testify at a Deposition in a Civil Action; check in the amount of $50.00; Miscellaneous Case Cover Sheet; Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery For Use in Foreign Proceedings; Memorandum of Law in Support of Ex Parte Application; Declaration of Robert J. Giuffra, Jr. in Support of Ex Parte Application and Exhibits Thereto; and Order Granting Ex Parte Application

[ Print ]    [ Save As... ]    [ Add Attachment ]                                    [ Reset ]

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 15-mc-0417 |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF MARBLE ARCH INVESTMENTS, LP

To:   MARBLE ARCH INVESTMENTS, LP

Please take notice that on January 18, 2016, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Petitioner Porsche Automobil Holding SE ("PSE"), by and through its counsel, will take the deposition upon oral examination of Marble Arch Investments, LP ("Respondent") concerning the Subjects of Examination specified below. Respondent shall designate one or more employees or other persons who consent to testify on its behalf and are adequately prepared to testify concerning the Subjects of Examination.

The foregoing deposition shall take place on January 18, 2016, beginning at 9:30 a.m. at the offices of Sullivan & Cromwell, LLP, 125 Broad Street, New York, New York 10004. The deposition shall take place before a notary public or other officer duly authorized to administer oaths and will be recorded by stenographic and videographic means, and shall continue from time-to-time until completed.

### DEFINITIONS

1. "Person" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

2.      "PSE" means Porsche Automobil Holding SE, its management and advisory boards, and any of its employees or agents or persons authorized to act on PSE's behalf.

3.      "Security" or "Securities" means any equity, debt or other corporate interest, or any instrument that refers to, relates to, or is otherwise connected to such interest in any way, including, without limitation, shares of stock and put, call, or cash-settled options.

4.      "VW Securities" means any Security or Securities issued by, referring to, relating to, or connected with Volkswagen AG, whether in whole or in part.

5.      "You" or "Your" means each Respondent, individually, collectively, or in any combination, as well as any present or former owner, director, officer, employee, agent, predecessor, successor, or other person(s) authorized to act on Respondent's behalf.

## SUBJECTS OF EXAMINATION[1]

1.      Your corporate structure, including, but not limited, to the identity and responsibilities of any Person that manages, is managed by, or is affiliated with You, and the relationships between and among You and any such Persons.

2.      Your knowledge of, or communications about, any actual, intended, contemplated, or possible transaction in, or holding of, any VW Securities by PSE or any of its predecessor companies between January 1, 2008 and December 31, 2011.

3.      Your knowledge of, or communications about, the financial condition of PSE or of the capability of PSE to transact in or hold VW Securities at any time between January 1, 2008 and December 31, 2011.

---

[1] If, at the deposition, You withhold any information under a claim of privilege, immunity or protection, including the attorney-client privilege or work product doctrine, You must provide the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2 of the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4. Your knowledge of, communications about, or role in pursuing any claim or cause of action that was or might have been asserted, joined, or acquired by any Person, including You or any Person that manages, is managed by, or is affiliated with You, against PSE relating to its disclosures or conduct with respect to any actual, intended, contemplated, or possible transactions in or holdings of VW Securities.

5. Your knowledge of, or communications about, investigations, trials, or any other legal proceedings related to PSE's disclosures or conduct with respect to any actual, intended, contemplated, or possible transactions in or holdings of VW Securities. This subject of examination includes, but is not limited to how and when You acquired such knowledge.

Dated: December 30, 2015

Robert J. Giuffra, Jr.
Suhana S. Han
John L. Warden
George R. Painter IV
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000 (telephone)
(212) 558-3588 (facsimile)

*Counsel for Petitioner Porsche Automobil Holding SE*